SABO, APPELLANT, *v.* HELSEL ET AL., APPELLEES.

[Cite as Sabo *v.* Helsel (1983), 4 Ohio St. 3d 70.]

(No. 82-422—Decided March 23, 1983.)

*Messrs. Genovese, Tersigni & Slater* and *Ms. Lyn Marie Schott,* for appellant.

*Messrs. Williams & Batchelder, Mr. William G. Batchelder, Jr.,* and *Mr. C. Nevada Johnson, Jr.,* for appellees.

*Per Curiam.* The issue raised by this cause is whether the trial court, in directing a verdict against appellant, properly ruled that he was negligent as a matter of law. For the following reasons, we conclude that questions of fact should have been submitted to the jury and the motion for a directed verdict overruled.

The court of appeals implied that appellant violated the assured-clear-distance-ahead statute, R.C. 4511.21, and concluded that *Woods, supra,* controlled. R.C. 4511.21 provides in pertinent part:

"* * *[N]o person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

In *Woods,* this court stated in paragraph one of the syllabus:

"The assured-clear-distance-ahead rule (Section 4511.21, Revised Code) applies to drivers of motor vehicles approaching an intersection on intersecting roads, in instances where such converging vehicles at the intersection are obscured by fog."

The assured-clear-distance-ahead rule mandates that "* * * a driver is prohibited from operating any motor vehicle * * * at a rate of speed greater than will permit him to bring it to a stop within the distance at which he can see a discernible object obstructing his path." *Gumley* v. *Cowman* (1934), 129 Ohio St. 36 [1 O.O. 318], paragraph two of the syllabus. Thus, the court in *Woods, supra,* clearly applied this rule to collisions in which fog obscures an intersection. The court stated that a violation of the assured-clear-distance-ahead statute, in the absence of a legal excuse, is contributory negligence as a matter of law. *Woods,* at page 386, citing *Kormos* v. *Cleveland Retail Credit*

*Men's Co.* (1936), 131 Ohio St. 471 [6 O.O. 150]. However, it is important to note that the question of liability was submitted to the jury in *Woods.*[1]

In *Blair* v. *Goff-Kirby Co.* (1976), 49 Ohio St. 2d 5 [3 O.O.3d 4], we concluded, at page 9, that a jury determination of the facts instead of judge-made determinations of law probably better serves the goals of the tort system. We held that "* * * whether an object is discernible under a given set of circumstances is a question of fact, and, when reasonable minds could reach different conclusions from the evidence presented upon the question, a motion for a directed verdict upon that basis should be overruled." *Id.* at page 10.[2]

The preference for the jury determining a question of fact is supported by *Clevenger* v. *Huling* (1965), 3 Ohio St. 2d 200 [32 O.O.2d 188], paragraph one of the syllabus which holds:

"Where in an action arising from a motor vehicle collision there is evidence of negligence on the part of the defendant and of contributory negligence on the part of the plaintiff, a jury question ordinarily exists as to whether such negligence of the plaintiff proximately contributed to the collision."

Applying these principles to the case *sub judice,* we find that there was conflicting evidence presented. For example, with appellant's speed, the evidence of "slide marks" or skid marks on the road may indicate that appellant was traveling too fast to avoid the collision. However, appellant's speed was not the cause of the accident in State Trooper John Morgan's opinion. There also were a variety of opinions on the density of the fog, resulting visibility and a safe speed for these conditions. Morgan testified that forward visibility was approximately forty feet, but the record indicates that appellee Helsel saw the glow of lights from appellant's automobile about one hundred sixty feet away. Appellant testified that he could see less than one half the length of his headlight beams, which under normal conditions were several hundred feet. The evidence indicates the truck may have been in appellant's line of travel because it was the rear portion of the truck which was hit. Conversely, appellant asserted that the truck was not ahead in his path of travel because he saw the green light, but did not see the truck at the intersection.

Thus, there was conflicting evidence presented on whether the truck was ahead of appellant in his path of travel and whether appellant was driving at a speed greater than would have permitted him to stop upon seeing a discernible object obstructing his path. According to Civ. R. 50(A)(4),[3] the evidence

---

[1] Four interrogatories and numerous instructions were submitted to the jury in *Woods.* The jury returned a verdict in favor of the plaintiff. On appeal, this court concluded, based upon the interrogatories, that the plaintiff's conduct amounted to contributory negligence as a matter of law.

[2] Further, this court has "* * * not found that collision equals violation of R.C. 4511.21 in every case." *Blair* v. *Goff-Kirby Co., supra,* at page 7.

[3] "When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed,

must be construed most strongly in favor of the party against whom the motion is made. When a court rules upon a motion for a directed verdict, where reasonable minds may reach different conclusions upon a question of fact, such question is for the jury. *Hamden Lodge* v. *Ohio Fuel Gas Co.* (1934), 127 Ohio St. 469, paragraph four of the syllabus.

Construing the evidence most favorably to appellant, this court finds reasonable minds could have reached different conclusions upon the issue of violation of the assured-clear-distance-ahead statute; therefore, it was a question of fact for the jury.

For the foregoing reasons, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for further proceedings.

*Judgment reversed and cause remanded.*

CELEBREZZE, C.J., PATTON, SWEENEY, LOCHER, HOLMES, C. BROWN and KOEHLER, JJ., concur.

PATTON, J., of the Eighth Appellate District, sitting for W. BROWN, J.

KOEHLER, J., of the Twelfth Appellate District, sitting by assignment.

---

finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."