JUNGE, EXRX., APPELLANT, *v.* BROTHERS ET AL., APPELLEES.

[Cite as Junge *v.* Brothers (1985), 16 Ohio St. 3d 1.]

(No. 83-1962—Decided March 13, 1985.)

1

*Rodney M. Arthur Co., L.P.A., Mr. Rodney M. Arthur* and *Mr. Joseph W. O'Neil,* for appellant.

*Messrs. Freund, Freeze & Arnold, Mr. Neil F. Freund* and *Mr. Patrick J. Janis,* for appellees.

*Per Curiam.* The question presented by this appeal is whether the court of appeals correctly ruled that appellant was not entitled to a new trial which would be controlled by the principle of comparative negligence. For the reasons to follow, this court holds that appellant should be granted a new trial.

In *Wilfong* v. *Batdorf, supra,* we overruled *Viers* v. *Dunlap* (1982), 1 Ohio St. 3d 173, and *Straub* v. *Voss* (1982), 1 Ohio St. 3d 182, and held at paragraph three of the syllabus:

"The principle of comparative negligence, consistent with the provisions of R.C. 2315.19, applies to *all* negligence actions tried after June 20, 1980, irrespective when the cause of action arose, as part of the common law of Ohio. * * *" (Emphasis *sic.*)

As the court of appeals in the instant case recognized, since appellant's action was tried after June 20, 1980 and was pending on direct appeal when *Wilfong, supra,* was decided, appellant is entitled to the benefit of that decision and may have her action adjudicated under the principle of comparative negligence. We disagree, however, that reason-

able minds could only conclude that Junge was negligent *"per se"* and that his negligence exceeded any negligence of appellees.

Appellant urges that the trial court erred by directing a verdict in favor of appellees, inasmuch as reasonable minds could disagree as to whether Junge violated R.C. 4511.21, the assured-clear-distance statute,[1] and was thus negligent *per se*, and whether Junge's negligence, if any, was greater than any negligence of appellees. We agree.

As we stated in *Blair* v. *Goff-Kirby Co.* (1976), 49 Ohio St. 2d 5, 7 [3 O.O.3d 4]:

"* * * Violation of the statute [R.C. 4511.21] and a finding of negligence *per se* depends on whether there is evidence that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible. *McFadden* v. *Elmer C. Breuer Trans. Co.* (1952), 156 Ohio St. 430 [46 O.O. 354]." See, also, *Tomlinson* v. *Cincinnati* (1983), 4 Ohio St. 3d 66, 69; *Sabo* v. *Helsel* (1983), 4 Ohio St. 3d 70; and *Shinaver* v. *Szymanski* (1984), 14 Ohio St. 3d 51, 54.

In *Tomlinson, supra,* at 69 it was stated:

"Where conflicting evidence is introduced as to any one of the elements necessary to constitute a violation of the statute, a jury question is created."

It was additionally stated in *Blair, supra,* at 9:

"That the discernibility of an object, regardless of its size, should be a jury question where the evidence of discernibility is sufficient to make reasonable persons disagree is supported by policy reasons and the holdings of other jurisdictions as well. To begin with, the goals of the tort system are probably better served by a jury determination of the facts than by judge-made determinations of law.

"Especially in cases involving the assured-clear-distance statute, which, by definition, require evaluation of the conduct of the driver in light of the facts surrounding the collision, the judgment of a jury is more likely to achieve a fair result than is a judge-made rule of law. * * *"

Bearing in mind our expressed preference for jury determinations of disputed factual questions, we conclude that a jury question was raised as to whether Junge violated R.C. 4511.21, thus making a directed verdict on that question improper. When faced with a motion for a directed verdict, "the evidence must be construed most strongly in favor of the party against whom the motion is made." *Sabo* v. *Helsel, supra,* at 72-73; Civ. R. 50(A)(4).

In the case at bar, the dark, unreflective underside of the overturned

---

[1] R.C. 4511.21 provides in part:

"(A) * * * [N]o person shall drive any motor vehicle * * * at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

tractor-trailer was facing traffic. The stretch of highway where this accident occurred was unlit and the night was dark. The lights of the overturned tractor-trailer were off. The driver of the vehicle which Junge was about to overtake testified that, while he could make out some object on the roadway approximately three truck lengths before reaching it, he was only able to identify the object (the overturned tractor-trailer) as he travelled past it.

Based upon the foregoing circumstances and construing the evidence most strongly in favor of appellant, we hold that reasonable minds could reach different conclusions as to whether the overturned tractor-trailer was reasonably discernible. *Sabo, supra.* Consequently, the trial court erred in directing a verdict against appellant. The question of whether Junge violated R.C. 4511.21 should have been left to the jury. Cf. *Lewis* v. *Certified Oil Co.* (1981), 67 Ohio St. 2d 277 [21 O.O. 3d 174].

This court recently held in *Shinaver* v. *Szymanski, supra,* at paragraph three of the syllabus:

"* * * [The] issué of whether the contributory negligence of a beneficiary is the proximate cause of the wrongful death must be submitted to the jury pursuant to the comparative negligence provisions of R.C. 2315.19(A)(1)."

Accepting the trial court's directed verdict to the effect that Junge was negligent in some degree, the court of appeals concluded that, as a matter of law, the negligence of Junge exceeded any negligence of appellees. Although circumstances could arise under which a directed verdict would be appropriate in a comparative negligence situation, the facts of the case at bar are irreconcilable with that conclusion.

The record indicates that Brothers, the driver of the overturned vehicle, heard a noise in the rear of his vehicle sometime prior to colliding with the parked car. Brothers attempted to ascertain the source of the noise by looking into his rearview mirror for approximately five to six seconds. When he returned his glance to the roadway, he realized that a portion of his vehicle was travelling on the berm and that he was heading directly for a car parked on the berm. Brothers' vehicle struck the parked car, veered back on to the highway and overturned. In addition, Brothers testified that he had been driving a long stretch and had been compelled shortly before the collision to stop for a cup of coffee.

Assuming that a jury finds negligence on the part of both Junge and appellees, and construing the evidence most strongly in favor of appellant, we were unable to hold, as did the court of appeals, that Junge's negligence exceeded appellees'. In fact, in our view, it is equally plausible that under such circumstances a jury could very well find that appellees' negligence exceeded Junge's.

Accordingly, based on the foregoing reasons, the judgment of the

court of appeals is reversed and the cause is remanded to the trial court for further proceedings consistent with this decision.

*Judgment reversed and*
*cause remanded.*

CELEBREZZE, C.J., SWEENEY, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

LOCHER, J., concurs in judgment only.