786 F.2d 1166
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PETER C. STEARNS; JEAN STEARNS, Plaintiffs-Appellants,
v.
GEORGE F. ALGER COMPANY, Defendant-Appellee.
 84-3524
 United States Court of Appeals, Sixth Circuit.
 2/4/86
 
 BEFORE: LIVELY, Chief Judge; and MERRITT and WELLFORD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellants, Peter and Jean Stearns, appeal from a jury verdict rendered in favor of appellee George F. Alger Company and from certain rulings made during the trial in this diversity automobile accident case. Since we find that the district judge committed reversible error by instructing the jury that appellant Peter Stearns was negligent as a matter of law under Ohio's assured clear distance ahead statute, we REVERSE and REMAND for a partial new trial. At the same time, however, we AFFIRM the dismissal with prejudice of the claim of Jean Stearns, wife of Peter Stearns, for loss of consortium. The remand for new trial pertains only to the liability aspect of Peter Stearns' cause of action.
 
 
 2
 The accident involved in this appeal occurred on a two lane highway, State Route 83, that runs north and south in Wayne County, Ohio. The incident occurred at approximately midnight on a dry, clear night on August 11, 1982. Safreed, appellee's agent, was driving southbound on Route 83, operating a tractor with a flatbed trailer. Safreed allowed the truck and trailer to go off the road onto the adjacent berm. Trying to return the tractor-trailer to the highway, Safreed caused the truck to veer sharply with the result that the tractor landed on its side in a cornfield on the east side of the road and the trailer was extended across the entire northbound lane and partially across the southbound lane of traffic in an upside down position.
 
 
 3
 The car behind Safreed stopped and its occupants rendered him assistance. Approximately ten to fifteen minutes after the accident, an orange passenger car stopped, and its driver positioned his car near the trailer in the northbound lane facing south with headlights on to warn approaching cars of the hazard. At no time after the accident did Safreed place any warning devices around his rig as required by Ohio law. Neither the orange car nor its driver were ever further identified.
 
 
 4
 Subsequently, appellant Peter Stearns approached the accident area driving in a northbound direction. According to his testimony, he saw the lights of the orange car which confused and alarmed him, leading him to believe that a drunken driver was approaching him out of the darkness. Between fifty and one hundred feet from the orange car, appellant left the road in an attempt to avoid it, driving his car off the highway into the adjacent culvert where he collided with the overturned flatbed trailer and suffered what he claimed to be substantial injuries.
 
 
 5
 Both Stearns and his wife sued appellee George Alger Company under an imputed negligence theory in federal court; the wife's claim based on alleged loss of consortium. At the close of all the evidence, appellee moved for dismissal of the consortium claim, and the district judge granted appellee's motion and directed a verdict because there was insufficient evidence to establish such a claim. The jury then returned a verdict with accompanying interrogatories, setting out that the maximum amount of damages sustained by Peter Stearns was $150,000.00 and that the apportionment of comparative negligence was to appellant 85%, to appellee 15%. Since appellant's percentage of negligence exceeded appellee's, the district judge dismissed the complaint under Ohio's recently enacted comparative negligence law, which is concededly applicable if plaintiff is found to be negligent as well as the defendant. Appellants now appeal.
 
 
 6
 Three of appellant's assignments of error relate to allegedly improper jury instructions. As to the first two, we hold that under the facts the district judge properly instructed the jury that it could consider whether the parked orange car was a superseding, intervening cause, and that the jury was the proper judge as to the weight of expert witnesses' testimony even if uncontroverted.
 
 
 7
 The principal challenge in this case, however, was the court's jury instruction which stated that appellant Stearns was guilty of negligence as a matter of law in failing to maintain an assured clear distance ahead required by Ohio Rev. Code Ann. Sec. 4511.21(A) (Page Supp. 1984).[1] Appellant makes a dual attack on the court's instruction and its inherent determination that he was in violation of the Ohio statute and therefore negligent. First, he challenges whether the statute applies to objects and collisions that occur outside of the actual lane of travel, the highway boundaries. Second, appellant urges that the determination as to his alleged violation of this statute was improperly removed from the jury's province. We are guided, of course, in this diversity case arising in Ohio by state law. Erie R. R. Co. v. Tompkins, 304 U.S. 64 (1938).
 
 
 8
 In support of his contention, appellant relies upon Murray v. Cameron, 119 Ohio App. 93, 197 N.E.2d 207 (1963), where an Ohio appellate court held the assured clear distance ahead statute inapplicable to collisions occurring outside of road boundaries, including the berm. Despite implications arising from Murray that the statute should not have been applied in this case since the accident occurred on the berm, a subsequent Ohio Supreme Court decision implicitly overruled that narrow construction of the statute. In Pallini v. Dankowski, 17 Ohio St.2d 51, 245 N.E.2d 353 (1969), the supreme court stated:
 
 
 9
 The word 'ahead,' as it appears in Section 4511.21 of the Revised Code, and the word 'lane,' as it appears in our decisions on the question, mean to the front of, and within the directional line of travel of, a motorist whose conduct is sought to be brought within the rule's application.
 
 
 10
 Id., 245 N.E.2d at 257. Under this more recent statement by the Ohio Supreme Court on the scope of the assured clear distance ahead statute, the district court properly applied the statute to appellant's operation of his car at the time he pulled off of the highway and into the overturned trailer as in his lane of travel. Cf. Sabo v. Helsel, 4 Ohio St.3d 70, 446 N.E.2d 457 (1983); Blair v. Goff-Kirby Co., 49 Ohio St.2d 5, 358 N.E.2d 634 (1976) (interpreting the statute's scope as including drivers who collide with objects in or along their path of travel).
 
 
 11
 We are persuaded by appellant's contention that the district judge improperly withdrew from the jury the issue of appellant's negligence in the manner of operating his car under the aforesaid Ohio Rev. Code Ann. Sec. 4511.21(A). This issue of asserted violation of this statute should have been submitted to the jury because we believe a fact question existed under Ohio law as to the reasonable discernibility of the overturned trailer, with which appellant collided.
 
 
 12
 A determination that the assured clear distance ahead statute has been violated is predicated upon a finding that the object with which the driver collides is 'reasonably discernible.' See, e.g., Junge v. Brothers, 16 Ohio St.3d 1, 475 N.E.2d 477 (1985); Sabo, 4 Ohio St.3d 70, 446 N.E.2d 457. The Ohio Supreme Court has consistently maintained that the issue of discernibility is ordinarily within the jury's province. See, e.g., Junge, 475 N.E.2d at 478-80; Sabo, 446 N.E.2d at 459; Blair, 358 N.E.2d at 637.
 
 
 13
 Under the totality of the circumstances in this case, the issue as to whether the overturned truck was reasonably discernible to appellant in light of the position of the stationery orange car with its lights facing appellant in his lane of the highway was essentially a jury question, and we conclude that the district judge erred in reaching that decision as a matter of law. In reaching this conclusion, we rely upon the facts in Junge, which are similar to those in this case. In Junge, the plaintiff collided in early morning hours with an unlit, overturned trailer rig that blocked plaintiff's lane of the highway. The Junge court held that the lower court had improperly directed a verdict for defendant based on the lower court's finding that plaintiff had violated the assured clear distance ahead statute as a matter of law, and we find its rationale to be compelling in this case. The Junge court reasoned:
 
 
 14
 In the case at bar, the dark, unreflective underside of the overturned tractor-trailer was facing traffic. The stretch of highway where this accident occurred was unlit and the night was dark. The lights of the overturned tractor-trailer were off. The driver of the vehicle which Junge was about to overtake testified that, while he could make out some object on the roadway approximately three truck lengths before reaching it, he was only able to identify the object (the overturned tractor-trailer) as he travelled past it.
 
 
 15
 Based upon the foregoing circumstances and construing the evidence most strongly in favor of appellant, we hold that reasonable minds could reach different conclusions as to whether the overturned tractor-trailer was reasonably discernible. Sabo, supra. Consequently, the trial court erred in directing a verdict against appellant. The question of whether Junge violated R.C. 4111.21 should have been left to the jury. Cf. Lewis v. Certified Oil Co. (1981), 67 Ohio St.2d 277, 423 N.E.2d 464 [21 O.O.3d 1974].
 
 
 16
 475 N.E.2d at 408.
 
 
 17
 We therefore hold that the district judge committed error in instructing the jury that appellant must be considered to be negligent per se for acting in violation of the statute under the circumstances. Thus, we REVERSE and REMAND Peter Stearns' cause of action to the district court for new trial only on the issue of liability. Since the jury specifically found that the maximum amount of damages sustained by appellant was $150,000.00, that issue will not be retried on the remand for new trial.[2] See Higginbotham v. Ford Motor Co., 450 F.2d 762, 772-74 (5th Cir. 1976). If the second jury finds that appellant was in fact negligent and that his negligence was greater than that of appellee's agent, then judgment will be entered for Alger. If, however, the jury finds appellee's agent principally negligent, then the issue of apportioning the $150,000.00 damages must be resolved.
 
 
 18
 Appellant also has assigned as error the district judge's failure to make sua sponte curative instructions in response to allegedly improper actions by appellee's counsel. During cross-examination of appellant, appellee's attorney asked about a lawsuit filed by appellant against an Ohio savings and loan association on a completely different matter, unrelated to this case. There was objection, and the district judge promptly sustained the objection. No error was committed by reason of this handling by the trial judge. In light of our ruling on the primary contention made by appellant, we need not consider whether the other actions complained about were shown to constitute plain error.
 
 
 19
 As to Jean Stearns' action for loss of consortium, we AFFIRM the district court's action of dismissing with prejudice the wife's claim at the close of all evidence. By failing to put on any adequate proof as to how she, as a wife, was affected by her husband's injuries, appellant Jean Stearns' claim is not revived by our reversal for a new trial of Peter Stearns' cause of action.
 
 
 20
 For the reasons stated, we AFFIRM dismissal of Jean Stearns' loss of consortium claim, but REVERSE and REMAND for a partial new trial on the liability issue as to Peter Stearns' cause of action.
 
 
 
 [1]
 Ohio Rev. Code Ann. Sec. 4511.21(A) (Page Supp. 1984) provides:
 (A) No person shall operate a motor vehicle, trackless trolley, or streetcar at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.
 
 
 [2]
 Appellant has waived any challenge to the adequacy of damages by failing to raise it as an issue on appeal