TAYLOR, Appellee,

v.

TRIPLE A IN THE U.S.A., INC., Appellant.

[Cite as *Taylor v. Triple A in the U.S.A.* (1995), 107 Ohio App.3d 14.]

Court of Appeals of Ohio,
Seventh District, Belmont County.

No. 93–B–51.

Decided Oct. 16, 1995.

John G. Paleudis, for appellee.

Michael P. Harvey and David K. Liberati, for appellant.

Cox, Judge.

This matter presents a timely appeal from a decision of the Belmont County Common Pleas Court awarding damages, including compensatory and punitive, and attorney fees, to plaintiff-appellee, Suzette L. Taylor, in the amount of $96,608.86 against defendant-appellant, Triple A in the U.S.A., Inc.

On October 2, 1987, appellee injured the middle finger of her left hand while operating a hydraulic power press that cut and fused cloth into bows. As a result of this injury, appellee's finger had to be amputated at the first joint. The machine in question was originally equipped with a horn, which cut the straps, and a rectangular metal guard for the point of operation, which had been removed. This machine was initially owned by Bobbie Brooks, Inc., but was later sold to appellant as part of the plant.

Appellee testified at trial that she had worked for Bobbie Brooks, Inc. for seventeen years prior to her employ with appellant in the same plant; that she worked on the bow machine on October 2, 1987; that she had trouble with the machine's working properly and fell behind in her piecework quota; and that as she attempted to catch up her quota, she used her fingers on the machine instead of tweezers, at which point her finger was injured by the machine. The record indicates that the safety guard previously referred to was not returned to the machine until after appellee's injuries.

On March 13, 1990, the trial court conducted a hearing on appellee's complaint for injuries sustained as a result of appellant's intentional tort committed in the workplace. On March 23, 1990, the trial court filed its opinion and judgment entry finding appellant liable for appellee's injuries on the basis that appellant

had deliberately removed the safety guard from the machine that injured appellee.

Appellant appealed that decision to this court, which affirmed the ruling of the trial court. Appellant then filed a notice of appeal from this court's decision to the Ohio Supreme Court. The Ohio Supreme Court decided the case of *Brady v. Safety–Kleen Corp.* (1991), 61 Ohio St.3d 624, 576 N.E.2d 722, which found R.C. 4121.80 to be unconstitutional, prior to the filing of a memorandum in support of jurisdiction in the case at bar.

Appellant filed a motion to dismiss its appeal to the Ohio Supreme Court, without prejudice, and appellee vigorously objected. Appellant's motion to dismiss was overruled and appellee then filed a motion to dismiss for want of prosecution, requesting that the Ohio Supreme Court remand this matter to the trial court. Appellee's motion was granted and the matter was remanded to the trial court for further proceedings.

On remand, a hearing concerning damages was held by the trial court. By opinion dated October 28, 1993 and judgment entry filed December 9, 1993, appellee was awarded $50,000 for compensatory damages, $30,000 for punitive damages, and $16,608.86 for attorney fees against appellant.

Appellant sets forth ten assignments of error on appeal.

Appellant's first assignment of error alleges:

"The trial court erred by denying Triple A a jury to hear both liability and damages after *Brady v. Safety–Kleen.*"

Appellant cites *Junge v. Brothers* (1985), 16 Ohio St.3d 1, 16 OBR 254, 475 N.E.2d 477, for the proposition that if a case is pending on appeal when a controlling decision is handed down, such decision applies to the pending case.

Appellant further urges that *Brady* rendered the trial court's decision concerning liability interlocutory and that no final, appealable order was created thereby. Therefore, appellant believes that this matter should have been submitted to a jury on the issues of liability and damages together.

Appellant points out that appellee's first complaint requested a jury trial. Appellant opposed the request at the time, allegedly because R.C. 4121.80 bifurcated intentional tort actions into a bench trial on liability followed by a damages hearing before the Industrial Commission. The trial court denied appellee's request for a jury and after its decision regarding liability, certified this matter to the Industrial Commission for a hearing on damages.

Appellant contends that by virtue of the decision in *Brady*, it was entitled to have its request for a jury honored by the trial court and, furthermore, appellee

did not waive her right to a jury trial, since the trial court's decision denying same was predicated upon R.C. 4121.80.

Appellee did not reiterate her request for a jury once this matter was remanded to the trial court from the Ohio Supreme Court for further proceedings. The trial court held a hearing regarding damages on August 5, 1993. Nearly one month after the hearing, on September 3, 1993, appellant filed a jury demand as part of its amended answer to appellee's second amended complaint. Clearly, appellant's jury demand was not timely filed.

■ Appellant cited *Brady* in both its motion to dismiss and motion for rehearing directed to the Ohio Supreme Court, which denied both motions and remanded this matter for further proceedings as requested by appellee. The trial court did not err in holding a bench hearing on the issues of damages.

Appellant's first assignment of error is found to be without merit.

Appellant's second assignment of error alleges:

"The trial court erred by assessing damages against Triple A when damages should have been submitted to the Industrial Commission or a jury."

Appellant maintains that the reason neither party herein appealed the trial court's decision denying a jury trial was because R.C. 4121.80 was applicable at the time and did not provide for a jury trial on the issue of liability. Appellant continues to argue that since the controlling law changed during the pendency of the appeal, it is entitled to a jury or, in the alternative, the issue of damages should be determined by the Industrial Commission.

Appellee contends that appellant waived, abandoned, lost, or is estopped from asserting any assignment of error based upon the Ohio Supreme Court's decision in *Brady,* since it chose not to prosecute its appeal before the Ohio Supreme Court.

This court has previously affirmed the trial court's decision concerning liability and will not revisit that determination herein. While the Ohio Supreme Court did not give specific instructions in remanding this matter to the trial court, it did state that further proceedings were to be had and, since the liability issue had already been determined, the trial court was duty-bound to proceed on the issue of damages.

Appellant's second assignment of error is found to be without merit.

Appellant's third assignment of error alleges:

"The trial court erred by ignoring Triple A's immunity as a complying employer under the Intentional Tort Act."

Appellant submits that since the trial court decided liability in this matter on the basis of R.C. 4121.80, which has been rendered unconstitutional, it should likewise be permitted to avail itself of the statute's protection providing immunity from payment of attorney fees, costs, or other damages, since it is a fully complying employer that pays premiums into the intentional tort fund as required by R.C. 4121.80.

The trial court's decision finding that appellant committed an intentional tort is supported either by R.C. 4121.80 or by the common-law requirements set forth in *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108. Since appellee proved an intentional tort under the narrower definition provided in R.C. 4121.80, it is reasonable to conclude that she has thereby proven an intentional tort under the more expansive, less restrictive common-law requirements.

Appellant is not entitled to immunity under a statute which has been declared unconstitutional.

Appellant's third assignment of error is found to be without merit.

Appellant's fourth assignment of error alleges:

"The trial court erred in assessing damages against Triple A after applying the statutory presumption contained in former Revised Code § 4121.80(G), since the statute was found unconstitutional in *Brady v. Safety–Kleen Corp.*"

For the reasons previously discussed herein, appellant's fourth assignment of error is found to be without merit.

Appellant's fifth assignment of error alleges:

"The trial court erred in allowing plaintiff to twice amend her complaint to seek damages after the liability appeal and after the Supreme Court's decision in *Brady v. Safety–Kleen Corp.*"

After this matter was remanded from the Ohio Supreme Court to the trial court, appellee was permitted, over appellant's opposition, to amend her complaint to add a specific prayer for damages and to amend it a second time to increase the prayer for damages.

Appellant claims not only that it was prejudiced by appellee's amendments but that the trial court lacked jurisdiction to entertain them due to the fact that this matter had been certified to the Industrial Commission.

Appellant further cites *Solowitch v. Bennett* (1982), 8 Ohio App.3d 115, 117, 8 OBR 169, 171–173, 456 N.E.2d 562, 564–566, for the proposition that appellee was required to make a *prima facie* showing that the amendments would not result in prejudice to it and failed to do so.

■ On remand from the Ohio Supreme Court, appellee's complaint herein required a new prayer as provided by common law, since R.C. 4121.80 had been held unconstitutional and provided no relief. Appellee's amended complaint simply alleged compensatory damages, punitive and/or exemplary damages, and attorney fees, as was appropriate according to common law. This did not prejudice appellant.

■ Furthermore, a decision to allow amendments by leave of the court is up to the sound discretion of the trial court. *Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 573 N.E.2d 622.

Appellant's fifth assignment of error is found to be without merit.

Appellant's sixth assignment of error alleges:

"The trial court erred in refusing to grant Triple A's request to vacate its March 29, 1990 interlocutory judgment on liability in light of *Brady v. Safety-Kleen Corp.*"

The Ohio Supreme Court remanded this case to the trial court by entry dated May 7, 1992. On July 13, 1993, appellant filed its motion to vacate the trial court's March 29, 1990 judgment concerning liability.

On July 19, 1993, the trial court denied appellant's motion, finding that it was untimely filed and that the issues presented therein had been decided by the Ohio Supreme Court's rulings in this matter.

■ Appellant's motion to vacate was clearly not made within a reasonable time as required by Civ.R. 60(B). The trial court did not err or abuse its discretion in denying the motion.

Appellant's sixth assignment of error is found to be without merit.

Appellant's seventh assignment of error alleges:

"The trial court's finding of damages and attorneys' fees against Triple A was an unconstitutional taking of property and was grossly disproportionate to the actual damages."

Appellant urges that since it already paid over five years of premiums into the intentional tort fund, which monies were not returned to appellant, the trial court erred in requiring it to set up a bond to pay the award of damages resulting from a hearing held on the basis of an unconstitutional law. Appellant contends that this amounted to an unconstitutional taking of property, as it had a property interest in indemnification by the intentional tort fund for damages, attorney fees, and costs arising out of this matter.

As this court has previously stated in this case, a careful review of the record indicates the trial court accepted competent, credible evidence to support its

finding that appellant had clear and specific knowledge and belief that the unguarded press operated by appellee was substantially certain to cause injury to her.

■ Appellant did not object to appellee's exhibits setting forth special damages, nor did it offer any contrary evidence. The trial court clearly had competent, credible evidence to support its finding of damages and attorney fees against appellant and, as a matter of law, it was within the trial court's discretion to grant them.

The Ohio Supreme Court in *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus, has stated:

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."

Appellant's seventh assignment of error is found to be without merit.

Appellant's eighth assignment of error alleges:

"The trial court erred in failing to offset plaintiff's collateral sources including workers' compensation benefits."

Appellant argues that everything which it paid via workers' compensation should be set off against any damage award which appellee received. Appellant submits that if the setoff provision of R.C. 4121.80 is not utilized because the law was found to be unconstitutional, then the entire law should be found unconstitutional and this matter should be either reset for a jury trial on both the liability and damages issues or the damages issue should be heard by the Industrial Commission.

■ R.C. 2317.45, regarding the setoff of workers' compensation benefits, became effective in January 1988. Prior to January 1988, the common law did not allow the setoff of collateral benefits. Since appellee's injury occurred in October 1987 and there was no retroactive application of R.C. 2317.45, setoff clearly does not apply herein.

Additionally, the Ohio Supreme Court has declared R.C. 2317.45 to be unconstitutional. *Sorrell v. Thevenir* (1994), 69 Ohio St.3d 415, 633 N.E.2d 504. The trial court did not err in failing to set off appellee's damages award by any sums which she received as workers' compensation benefits.

Appellant's eighth assignment of error is found to be without merit.

Appellant's ninth assignment of error alleges:

"The judgment of the trial court on liability and damages should be vacated and judgment entered for Triple A as the facts of this case cannot reasonably support a finding that Triple A committed a workplace intentional tort."

The issues set forth in this assignment of error have previously been discussed and determined herein.

Appellant's ninth assignment of error is found to be without merit.

Appellant's tenth assignment of error alleges:

"The trial court erred in regarding punitive damages and attorneys' fees, as they were not supported by the facts of this case."

Appellant submits that the trial court improperly awarded appellee punitive damages and attorney fees herein. Appellant cites *Hoskins v. Aetna Life Ins. Co.* (1983), 6 Ohio St.3d 272, 6 OBR 337, 452 N.E.2d 1315, for the proposition that in the absence of evidence showing malice, no punitive damages should be awarded.

However, appellant acknowledges that malice can be either actual or inferred. According to the Ohio Supreme Court in *Preston v. Murty* (1987), 32 Ohio St.3d 334, 512 N.E.2d 1174, punitive damages are properly awarded upon proof of conduct which exhibits a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.

Appellee points out that malice can be inferred when an employer allows commonly recognized and easily correctable dangers to exist that are substantially certain to eventually injure an employee.

The nature of appellant's intentional tort herein emphasizes the appropriateness for punitive (exemplary) damages. The trial court had competent, credible evidence to support its finding, and it was within the trial court's discretion to grant appellee punitive damages and attorney fees.

Appellant's tenth assignment of error is found to be without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

O'NEILL, P.J., and GENE DONOFRIO, J., concur.