DECISION
Plaintiff-appellant, Paul Venegoni, appeals from the judgment of the Franklin County Court of Common Pleas, which granted summary judgment in favor of defendant-appellee, Nicole R. Johnson. For the reasons that follow, we reverse and remand this case for further proceedings.
This case arises out of a vehicular accident that occurred at approximately 3:00 a.m. on October 23, 1999, in which appellant struck appellee's car as it was stopped in appellant's lane of travel on I-71. Appellee was traveling northbound on I-71 when she fell asleep at the wheel, and struck the rear of a vehicle being driven by Vincent Stewart. After colliding with Mr. Stewart, appellee's vehicle spun around so that it faced south, and struck the median wall on the west (or left) side of I-71. Appellee's vehicle came to rest against the median wall facing on-coming traffic. Although the majority of appellee's vehicle was located on the left-hand berm, a portion of the front of her vehicle protruded into the left-hand lane of the highway.
Approximately three or four minutes after appellee's vehicle came to a stop, appellant, who was traveling in the left lane of northbound I-71, struck appellee's vehicle. Immediately prior to the collision, appellant drove around a slight bend in the highway. Appellant first saw appellee's vehicle a few seconds before he struck it. According to appellant, the headlights of appellee's vehicle were not lit. Neither appellee's parking lights nor hazard lights were activated; however, there was overhead lighting on the highway, and appellant's headlights were working.
On October 23, 2000, appellant brought suit against appellee alleging that appellee's negligence in colliding with Mr. Stewart was the direct and proximate cause of appellant's injuries. Appellee moved for summary judgment against appellant on August 7, 2001. In her motion, appellee asserted that appellant's failure to maintain an assured clear distance ahead, in violation of R.C. 4511.21(A), was the sole proximate cause of his injuries.
On October 11, 2001, the trial court granted appellee summary judgment, holding that appellant violated R.C. 4511.21(A), and, thus, he was negligent per se. Appellant argued that the grant of summary judgment did not dispose of the case because a jury must determine the proximate cause of appellant's injuries, and, if appropriate, apportion the percentage of each party's negligence. In a decision dated October 31, 2001, the trial court rejected appellant's argument and reiterated its decision granting appellee's motion for summary judgment.
Appellant now asserts the following errors:
 1. The trial court erred in granting summary judgment to Defendant-Appellee because there are genuine issues of material fact regarding whether Defendant-Appellee's vehicle was reasonably discernible.
 2. The trial court erred in granting summary judgment in favor of Defendant-Appellee because Ohio law requires that a jury determine whether Plaintiff-Appellant was comparatively negligent.
 3. The trial court erred in granting summary judgment where there are genuine issues of material fact regarding whether Plaintiff-Appellant's alleged negligence was a superceding cause of Defendant-Appellee's negligence.
 4. The trial court erred in granting summary judgment where there are genuine issues of material fact as to whether Defendant-Appellee's vehicle constituted a sudden emergency.
Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
Appellant's first and fourth assignments of error pertain to the trial court's summary judgment decision that appellant was per se negligent for failing to maintain an assured clear distance ahead, as required by R.C.4511.21(A). We address these assignments of error together, and conclude that the trial court erred in granting summary judgment because material issues of fact exist regarding whether appellee's vehicle was "reasonably discernible."
Pursuant to R.C. 4511.21(A), "no person shall drive any motor vehicle * * * in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead." A person violates the assured clear distance ahead statute if a driver collides with an object that (1) is ahead of him in his path of travel, (2) is stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) is reasonably discernible. Pond v. Leslein (1995), 72 Ohio St.3d 50, 52. A violation of R.C. 4511.21(A) constitutes negligence per se. Id. at 53.
Based upon the facts in this case, there is no question that the first and second elements required for a violation of the assured clear distance statute are satisfied; however, the parties contest whether appellee's vehicle, which was protruding into appellant's lane of traffic, constituted a "sudden emergency" and whether the vehicle was "reasonably discernible."
We conclude that the protrusion of appellee's vehicle into appellant's lane of traffic does not constitute a "sudden emergency." While Ohio courts have traditionally treated the sudden emergency doctrine as a defense to a violation of the assured clear distance statute, recent Supreme Court precedent has incorporated the sudden emergency doctrine into the test for a violation of the statute. See Pond, at 52 ("a person violates the assured clear distance ahead statute if `there is evidence that the driver collided with an object which * * * (3) did not suddenly appear in the driver's path'"). An object suddenly appears in the driver's path if the "assured clear distance was suddenly cut down or lessened by the entrance into the driver's line of travel of some obstruction which rendered him unable, in the exercise of ordinary care, to avoid colliding with such obstruction." Cox v. Polster (1963),174 Ohio St. 224, 226. A collision with a vehicle stopped in the roadway does not constitute a sudden emergency. See Coronet Ins. Co. v. Richards (1991), 76 Ohio App.3d 578, 584.
Appellant asserts that encountering appellee's vehicle protruding into his lane of travel was a "sudden emergency." We do not agree with appellant's analysis. It is undisputed that appellee's vehicle was stopped in appellant's lane of traffic for at least three or four minutes prior to the collision. Because appellee's vehicle did not suddenly "cut down" or enter into the path of appellant's vehicle, we conclude that the trial court did not err in holding that appellee's vehicle did not "suddenly appear" or constitute a "sudden emergency."
Since appellant ran into a stationary object that was in his path of travel, the operative question in this case is whether that object was "reasonably discernible." Appellee argues, and the trial court concluded, that appellee's vehicle was "reasonably discernible" because appellant admitted that he saw appellee's car prior to the collision, but was unable to stop in time. We disagree, and conclude that summary judgment was not appropriate in this case because there is conflicting evidence that a reasonable person could rely upon to reach a different conclusion as to the vehicle's discernibility.
When conflicting evidence is introduced regarding any one of the elements necessary to constitute a violation of the assured clear distance statute, a jury question is created. Pond, at 52.
Contrary to appellee's assertion at oral argument, Pond does not hold that a vehicle stopped on the roadway is, as a matter of law, a reasonably discernible object. Rather, Pond distinguished between accidents that occurred on clear days, as in Pond, and those that occurred at night, as in the present situation, or during extraordinary weather conditions. The court stated, at 52:
 Where there is conflicting evidence and reasonable minds could differ concerning any one of the elements necessary to constitute a violation of the statute, a jury question exists with regard to that element. For instance, in numerous cases in which a collision occurred at night or during extraordinary weather conditions that reduced visibility, we have held that a jury question existed as to whether the object that the driver hit was "reasonably discernible." See, e.g., Blair [v. Goff-Kirby Co. (1976), 49 Ohio St.2d 5], supra; Tomlinson [v. Cincinnati (1983), 4 Ohio St.3d 66], supra; Junge v. Brother (1985), 16 Ohio St.3d 1, 16 OBR 254, 475 N.E.2d 477; Sharp v. Norfolk W. Ry. Co. (1988), 36 Ohio St.3d 172, 522 N.E.2d 528, syllabus; and Ziegler v. Wendel Poultry Serv., Inc. (1993), 67 Ohio St.3d 10, 13, 615 N.E.2d 1022, 1026-1027. However, we also have made clear that "[a]n automobile, van, or truck stopped on a highway in a driver's path during daylight hours is, in the absence of extraordinary weather conditions, a reasonably discernible object as a matter of law." Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212, paragraph two of the syllabus.
Given that the assured clear distance statute requires evaluation of the conduct of a driver in light of the facts surrounding the collision, "the judgment of a jury is more likely to achieve a fair result than is a judge-made rule of law." Blair v. Goff-Kirby Co. (1976), 49 Ohio St.2d 5,9. Thus, particularly where conflicting evidence is introduced regarding whether an object is reasonably discernible on a highway during nighttime hours, a judgment of a jury is required. Sharp v. Norfolk Western Ry. Co. (1988), 36 Ohio St.3d 172, 175.
If a party relies upon the assured clear distance rule to establish negligence, that party must present some evidence of each element necessary to constitute a violation in order to make a prima facie case of violation. McFadden v. Elmer C. Breuer Transport Co. (1952),156 Ohio St. 430, 434. If the party fails to present evidence to establish any one of the elements necessary to constitute a violation, the benefit of the statute does not accrue to that party. Id.
Appellant argues that there is conflicting evidence on the question of whether appellee's vehicle was "reasonably discernible" on the side of the highway. We agree. It is undisputed that the collision between appellant and appellee's vehicles occurred at night. Appellant testified in his deposition that neither appellee's headlights nor her parking lights were shining. Appellant also testified, and appellee admits, that the hazard lights on appellee's vehicle were not turned on. Furthermore, appellant's testimony establishes that the location of appellee's vehicle and the geography of the portion of highway immediately prior to the site of the collision may have lessened the discernibility of appellee's vehicle.
Appellee counters with evidence that overhead lighting was present at the portion of I-71 where the collision occurred; however, appellee does not establish that the quality of that lighting was sufficient for appellant to discern appellee's vehicle any earlier than appellant actually saw the vehicle. Appellee relies upon the following deposition testimony of appellant as evidence that appellee's vehicle was fully illuminated and, thus, reasonably discernible:
 Q: When you noticed her and I know that I'm going to ask you about headlights, but when you did notice her, I take it whatever lighting was out there on the roadway was enough to shed light on the wreckage and that's why you saw it; is that fair?
A: Right. [Depo. at 21.]
Construing this testimony most strongly in favor of appellant, it suggests nothing more than the fact that the available lighting only illuminated appellee's vehicle at the point when the vehicles were only seconds away from collision.
Additionally, in arguing that no questions of fact exist as to the discernibility of appellee's vehicle, appellee relies upon appellant's admission that he actually saw appellee's vehicle before the collision. Citing Smiley v. Arrow Spring Bed Co. (1941), 138 Ohio St. 81, appellee argues that appellant had an obligation to stop his vehicle within the distance between the vehicles at the point appellant saw appellee's vehicle. Appellee's argument is flawed.
The fact that appellant saw appellee's vehicle seconds before the collision is not determinative of whether appellee's vehicle was "reasonably discernible." In Blair, at 11, the Ohio Supreme Court cited evidence that a party did not see the object in his path until he "was practically in it" as further support for the determination that the discernibility of the object was a question for the jury. See, also, Sharp, at 173 (conflicting evidence regarding whether the object he collided with was "reasonably discernible" prevented the grant of judgment notwithstanding the verdict against the driver when the object was visible from only a short distance away).
Additionally, appellee's reliance upon the reasoning in Smiley is misplaced. The interpretation of the assured clear distance statute in Smiley does not permit a driver to assume anything "that is not assured to him by the range of his vision," and only allows for sudden emergencies as an excuse. Id. at 89. One of the first cases interpreting the assured clear distance statute, Smiley "represents a rigid and narrow application of the rule and is not in accord with other decisions recognizing realistic conditions existing on our highways." GFB Transport Co. v. United States (D.Alaska 1963), 213 F. Supp. 42, 45-46. The current rule, which is applied herein, is that R.C. 4511.21(A) does not apply "unless the object struck was discernible for `a time sufficient to allow the driver to avoid it with the exercise of reasonable care.'" Coronet Ins. Co., at 584. It is the duty of the jury to determine if appellant could have exercised due care in order to avoid colliding with appellee's vehicle after it was "reasonably discernible."
Accordingly, we sustain appellant's first assignment of error and overrule appellant's fourth assignment of error.
Appellant's second and third assignments of error pertain to the trial court's summary judgment decision that appellant's violation of R.C.4511.21(A) was the sole proximate cause of his injuries. Because we have already concluded that whether or not appellant violated R.C. 4511.21(A) is a jury question, we further conclude that the trial court erred in its proximate cause finding.
In addressing appellant's second and third assignments of error, we find Junge v. Brothers (1985), 16 Ohio St.3d 1, to be particularly instructive. In Junge, the plaintiff's decedent collided with a truck that was overturned in decedent's lane of traffic. After finding that reasonable minds could disagree as to whether the plaintiff's decedent was negligent per se for violating R.C. 4511.21(A), the court considered the facts precipitating the overturned truck's crash, and concluded that a directed verdict on the question of comparative negligence was inappropriate. Id. at 4. Therefore, as the Ohio Supreme Court held in Junge, we conclude that it is appropriate for a jury to consider the facts in the record precipitating appellee's collision with Mr. Stewart to determine if appellee was negligent, and if that negligence was the proximate cause of her collision with appellant.
Further, construing the facts in favor of appellant, it might reasonably be concluded that appellee violated a duty owed to appellant by failing to do what a reasonably prudent person would have done under the circumstances. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 38. Reasonable minds could conclude that a reasonably prudent person would have taken some action, such as activating her hazard lights to warn approaching drivers of the danger posed by the stopped vehicle, or attempting to move her vehicle out of the path of oncoming traffic. Id.; Piper v. McMillan (1999), 134 Ohio App.3d 180, 187
(determining whether jury questions existed regarding whether a defendant was negligent for leaving her stopped car in the flow of traffic, and whether she was negligent for failing to activate her hazard lights).
Therefore, based upon the facts in this case, we conclude that the issue of proximate cause is for the jury. Similarly, the issue of comparative negligence must be decided by the jury if the jury finds that both parties were negligent and their negligence was the proximate causes of the collision. Simmers v. Bentley Constr. Co. (1992),64 Ohio St.3d 642, 646 ("[i]ssues of comparative negligence are for the jury to resolve unless the evidence is so compelling that reasonable minds can reach but one conclusion"). Appellant's second and third assignments of error are sustained.
For the foregoing reasons, we sustain appellant's first, second and third assignments of error, and overrule appellant's fourth assignment of error. The judgment of the Franklin County Court of Common Pleas is reversed and this case is remanded to the trial court for further proceedings in accordance with the law.
Judgment reversed and case remanded.
DESHLER and BROWN, JJ., concur.