[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Plaintiff-appellant Melvin D. Russell appeals the judgment entered upon a jury verdict in favor of defendant-appellee Jenna R. Rahrig. We affirm.
{¶ 3} On June 25, 2000, around 6:00 pm, Russell and Rahrig were involved in a motor vehicle collision. Russell was traveling eastbound on Dana Avenue on his motorcycle, a Kawasaki sport tour bike, while Rahrig was heading westbound on Dana, driving a Honda Accord. It was a beautiful summer afternoon and the road was dry. Rahrig was going to visit a friend who lived on Dana. As she reached her friend's apartment building, she came to a stop and proceeded to make a left turn into his driveway. Rahrig testified that no traffic was approaching her as she began her turn.
{¶ 4} Russell testified that he was traveling along Dana at 25 miles per hour, the posted speed limit. As he rounded a curve on Dana, he saw Rahrig's vehicle for the first time. Russell testified that Rahrig had already begun her left turn, proceeding across the double yellow line in front of him. He hit his brakes, laid his bike down, and pushed the bike away from him for his own safety. Russell, who was not wearing a helmet, hit his head on the concrete and was knocked unconscious.
{¶ 5} Rahrig testified that about halfway through her turn she saw a blur out of the corner of her eye and proceeded into the driveway. As she finished her turn, she felt a bump and then felt the back tire of her car go over the curb into the driveway. The bump was Russell hitting the back passenger wheel of Rahrig's car. Russell's motorcycle, which never came in contact with Rahrig's car, continued down Dana Avenue another 60 to 70 feet past the driveway where Rahrig had turned.
{¶ 6} The Cincinnati police officer called to the scene observed scrape marks on the road from where Russell had laid the bike down to where it had come to rest, and the officer also observed blood on the back wheel rim of Rahrig's car. The officer determined that the point of impact was in the eastbound left lane, closest to the double yellow line.
{¶ 7} At the close of the evidence at the trial, Russell moved for a directed verdict on the issue of liability, which was denied. The jury was then instructed on the law. Russell made several objections to the jury instructions. After deliberating, the jury returned a general verdict in favor of Rahrig.
{¶ 8} On appeal, Russell now presents four assignments of error. In his second assignment of error, Russell contends that the trial court erred by instructing the jury that Russell had a duty to exercise ordinary care to discover and avoid danger. It is long-established law in Ohio that any driver of a motor vehicle has a duty to exercise ordinary care to avoid a collision and resulting injury.[1] Even a driver with the right of way does not have an absolute right to proceed that negates the requirement of using reasonable care and diligence to avoid danger.[2] Accordingly, it was not error for the trial court to instruct the jury that Russell had the duty to exercise ordinary care and avoid danger, and the second assignment of error is overruled.
{¶ 9} In his third assignment of error, Russell contends that the trial court erred in charging the jury on the assured-clear-distance-ahead rule and comparative negligence. Russell argues that the assured-clear-distance-ahead rule should not have been presented to the jury where there was no substantial evidence to raise the issue. Rahrig argues, on the other hand, that there was sufficient evidence to raise the issue, and even if the evidence was insufficient, the error, if any, was harmless because the jury never reached the issue of Russell's negligence.
{¶ 10} The assured-clear-distance-ahead rule mandates that a driver is prohibited from operating any motor vehicle at a rate of speed greater than that which will permit him to bring the vehicle to a stop within the distance at which he can see a discernable object obstructing his path.[3] The Ohio Supreme Court has held that in order to find a violation of the assured-clear-distance-ahead rule, there must be evidence that the driver collided with an object that "(1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernable."[4] The rule does not exclude objects that are perpendicular to or across the driver's lane of travel.[5]
{¶ 11} Two recent cases with very similar facts to the case at bar considered whether it was proper to apply the assured-clear-distance-ahead rule. In both Geul v. Robinson[6] andGentry v. Kelley,[7] the defendants made a left turn in front of the plaintiffs, resulting in collisions. In both cases, the trial court ruled that the assured-clear-distance-ahead rule applied. In Geul, the court held that the evidence raised the issue of whether the defendant had suddenly entered the plaintiff's path so as to cut down the plaintiff's assured clear distance ahead, rendering him unable, in the exercise of ordinary care, to avoid colliding with the defendant.[8] "This required a jury instruction since it was properly a question for the jury to decide if it found that [the defendant] was negligent."[9]
{¶ 12} Using the same reasoning, we conclude that it was not improper for the trial court in this case to instruct the jury on the assured-clear-distance-ahead rule. In any event, because the jury returned a general verdict for Rahrig, the jury never went beyond the issue of whether Rahrig was negligent. Even if both jury instructions were in error, the errors would not have been prejudicial to Russell, because the jury did not consider what fault, if any, Russell had in the collision.[10] Therefore, Russell's third assignment of error is overruled.
{¶ 13} In Russell's first and fourth assignments of error, he contends that the trial court erred in denying his motion for a directed verdict at the close of the evidence, and that the jury's verdict was against the manifest weight of the evidence. For a directed verdict, the trial court must construe the evidence in favor of the non-moving party and sustain the motion only if reasonable minds can come to but one conclusion upon the evidence submitted, and that conclusion is adverse to the non-moving party.[11] As a question of law, we review the trial court's decision de novo.[12] Beyond this, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.[13]
{¶ 14} Construing all the evidence in Rahrig's favor, we agree with the trial court that reasonable minds could have concluded that Rahrig was not negligent. Therefore, the trial court properly denied the motion for a directed verdict in Russell's favor. We also conclude that the jury's decision that Rahrig was not negligent was supported by competent and credible evidence. Specifically, both parties testified that when Rahrig began her left turn, Russell was not even within sight of Rahrig. Russell testified that when he rounded the curve on Dana and first saw Rahrig, she had already begun her left turn into Russell's path. Likewise, Rahrig's testimony was that she came to a complete stop and began her left turn with no approaching car in sight. Shortly thereafter, halfway through her turn, she first saw Russell as a blur out of the corner of her eye. Such evidence could have supported a finding that the collision was not the result of Rahrig's negligence. Accordingly, we overrule Russell's first and fourth assignments of error.
{¶ 15} Therefore, the judgment of the trial court is affirmed.
{¶ 16} Further, a certified copy of this Judgment Entry shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Winkler, JJ.
[1] See Martinovich v. E.R. Jones Co. (1939), 135 Ohio St. 137,143, 19 N.E.2d 952.
[2] See Morris v. Bloomgren (1933), 127 Ohio St. 147, 187 N.E. 2, paragraph five of the syllabus; see, also, Humphrey v. Dent (1980),62 Ohio St.2d 273, 276, 405 N.E.2d 284.
[3] See Sabo v. Helsel (1983), 4 Ohio St.3d 70, 71, 446 N.E.2d 457; R.C. 4511.21(A).
[4] See Junge v. Brothers (1985), 16 Ohio St.3d 1, 3, 475 N.E.2d 477;McFadden v. Elmer C. Breuer Trans. Co. (1952), 156 Ohio St. 430,103 N.E.2d 385, paragraph one of the syllabus.
[5] See Sabo v. Helsel, supra.
[6] (Dec. 17, 1986), 9th Dist. No. 12645.
[7] (Aug. 31, 2001), 6th Dist. No. L-01-1234.
[8] See Geul v. Robinson, supra.
[9] Id.
[10] See Sech v. Rogers (1983), 6 Ohio St.3d 462, 466, 453 N.E.2d 705.
[11] Civ.R. 50(A)(4).
[12] See Goodyear Tire Rubber Co. v. Aetna Casualty SuretyCo., 95 Ohio St.3d 512, 514, 2002-Ohio-2842, 769 N.E.2d 835.
[13] See C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus.