{¶ 18} A woman has taken a rather nasty fall on a wet bridge while attending a family function at a commercial establishment. She claims to have suffered serious and permanent injuries, and has sued the property owner on a theory of negligent design and maintenance of the bridge. The trial court, in an entry which provides no rationale or explanation, granted summary judgment to the property owner, finding that after "considering the evidentiary material [the court] concludes that there are no genuine issues as to any material facts and that Defendants are entitled to judgment as a matter of law." The trial court's ruling is contrary to law, as there are clearly numerous facts upon which reasonable minds could differ.
 {¶ 19} In order to recover on a negligence claim, a plaintiff must prove (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, and (3) that the breach of the duty proximately caused the plaintiff's injury.[2]
 {¶ 20} In a case such as this, the law in Ohio is settled. Business owners owe invitees a "duty of ordinary care in maintaining the premises in a reasonably safe condition."[3] Thus, the design and maintenance of the bridge is the critical inquiry in this litigation.
 {¶ 21} The majority and counsel for appellants place much emphasis on the question of whether the design of the bridge was in violation of the Ohio Basic Building Code or other building standards, and whether such an act of commission or omission is either relevant or admissible. The Supreme Court of Ohio has answered that question. In Chambers v. St.Mary's School, the court held, "that the violation of an administrative rule does not constitute negligence per se; however, such a violation ofan administrative rule may be admissible as evidence of negligence."[4]
It is clear, therefore, that the testimony regarding a railing, or lack thereof, was properly offered and did raise the question of negligent design.
 {¶ 22} In addition to the clear evidence that the bridge in question did not conform to "current standards," appellants provided unequivocal expert testimony that the design and maintenance were faulty. Appellants provided testimony from Gerald B. Meltzer, a registered architect, who provided competent evidence that "[t]he subject ramp was neither properlyconstructed or professionally maintained, thus providing conditions thatresulted in Ms. Genova's injury." (Emphasis added.) Whether one agrees or disagrees with the architect's opinion, there is no dispute that he rendered it "to a reasonable degree of architectural and technical certainty."
 {¶ 23} It is clear that reasonable minds could differ as to whether the property owner's design or maintenance of the bridge contributed to or caused the fall. As such, a jury question has arisen, and summary judgment is inappropriate.
 {¶ 24} As stated by the Supreme Court of Ohio in Blair v. Goff-KirbyCo.:
 {¶ 25} "To begin with, the goals of the tort system are probably better served by a jury determination of the facts than by judge-made determinations of law.
 {¶ 26} "Especially in cases involving the assured-clear-distance statute, which, by definition, require evaluation of the conduct of the driver in light of the facts surrounding the collision, the judgment of a jury is more likely to achieve a fair result than is a judge-made rule of law."[5]
 {¶ 27} Bearing in mind the Supreme Court of Ohio's expressed preference for jury determinations of disputed factual questions, I conclude that a jury question was raised.[6]
 {¶ 28} The questions raised in this litigation clearly are difficult to weigh. The trial court committed an error when it granted judgment to one party over another without explanation. Questions abound and answers are scarce. Our system of justice rests upon the cornerstone that questions of fact are best left to the triers of fact without interference from judges. The granting of summary judgment was improper.
[2] Wellman v. E. Ohio Gas Co. (1953), 160 Ohio St. 103, paragraph three of the syllabus.
[3] Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203.
[4] (Emphasis added.) Chambers v. St. Mary's School (1998),82 Ohio St.3d 563, 568, citing Stephens v. A-Able Rents Co. (1995),101 Ohio App.3d 20, 27-28.
[5] Blair v. Goff-Kirby Co. (1976), 49 Ohio St.2d 5, 9.
[6] See Junge v. Brothers (1985), 16 Ohio St.3d 1, 3.