LEWIS ET AL., APPELLANTS, *v.*
CERTIFIED OIL CO., APPELLEE.

[Cite as Lewis v. Certified Oil Co. (1981), 67 Ohio St. 2d 277.]

(No. 80-1473—Decided July 22, 1981.)

278

*Messrs. Matan, Rinehart & Smith* and *Mr. Eugene L. Matan,* for appellants.

*Messrs. Graham, Dutro & Nemeth* and *Mr. Hubert C. Dutro, Jr.,* for appellee.

*Per Curiam.* The critical issue in this case is whether the trial court erred in directing a verdict in favor of appellee. Appellants contend, in essence, that the trial court committed

reversible error because the question of whether the tractor trailer is a "reasonably discernible object," for R. C. 4511.21 purposes, is a factual issue that is more appropriately resolved by a jury and not by the court through a directed verdict.

The seminal case on the assured-clear-distance-ahead rule is *McFadden* v. *Elmer C. Breuer Transportation Co.* (1952), 156 Ohio St. 430, in which this court ruled that a driver has a duty to operate his automobile in a sufficiently careful manner so that the vehicle can be brought to a stop without colliding with a reasonably discernible object located ahead of him in his lane of travel.

In deciding this case, we are mindful of the observation that:

"In most instances the question whether the object with which the collision occurs is reasonably discernible gives little difficulty. *A train on a highway crossing or a truck or an automobile on the highway in the driver's path can be considered reasonably discernible without more evidence than the fact of its presence.* \* \* \*" (Emphasis added.) *McFadden* v. *Breuer, supra,* at page 435.

Similarly, in *Blair* v. *Goff-Kirby Co.* (1976), 49 Ohio St. 2d 5, we ruled that a jury question as to the discernibility of an object is *not* presented when reasonable minds could not differ on the issue of the reasonableness of an object's discernibility.

Our review of the record in this case compels us to conclude that the trial court correctly entered a directed verdict in appellee's favor. June 25, 1975, was a clear, dry night. The object that was in appellant's lane of travel was a 62-foot long white tractor-trailer with red and blue lettering. The tractor-trailer's headlights and reflectors were in place and operational. The scene was further illuminated by (1) the headlights of the third vehicle, in the northbound lane, that had stopped to the south of appellee's truck and (2) appellant's own headlights. Furthermore, despite the fact that the distance from the hill on State Route 60 to the truck was 609 feet, appellant failed to apply his brakes or take other evasive action, even though he had ample opportunity to do so.

The foregoing facts, upon which there is no genuine dispute, lead us to conclude that, as a matter of law, appellee's tractor-trailer was a reasonably discernible object for purposes

of R. C. 4511.21. We note, parenthetically, that appellant has proffered no valid claim of a legal excuse or an emergency. Since, in our judgment, reasonable minds could not disagree on the discernibility of the tractor-trailer, we find that the trial court properly rendered a directed verdict, pursuant to Civ. R. 50, in favor of appellee.

For all these reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., P. BROWN, SWEENEY and LOCHER, JJ., concur.

W. BROWN, HOLMES and C. BROWN, JJ., dissent.

CLIFFORD F. BROWN, J., dissenting. This court today holds that reasonable minds cannot differ over whether the truck across plaintiff's lane of travel constituted a "reasonably discernible object" for purposes of R. C. 4511.21. At the risk of impugning my "reasonableness," I dissent. The very fact that one member of this court disagrees should be sufficient to support a determination that reasonable minds can and do differ.

The collision here occurred on a moonless night on a hilly stretch of a two-lane road unilluminated by street lighting. Plaintiff drove his vehicle over the crest of a hill heading south, into the lights of a northbound vehicle which were shining *under* the tank trailer jackknifed across the road. These lights of the northbound vehicle gave an appearance and impression that there was no truck or discernible object in plaintiff's lane of travel. Plaintiff proceeded to drive into and under the truck, because of the foregoing lack of discernibility, causing serious injuries to himself and his seven children passengers.

Given these peculiar circumstances, I am convinced reasonable minds *could* differ over whether plaintiff breached any duty when failing to discern the truck in his lane of travel. Whether plaintiff violated R. C. 4511.21, Ohio's assured-clear-distance-ahead statute, is, to this reasonable mind, a jury question.

Instead of being support for a directed verdict for defen-

dant in the case *sub judice,* the cited seminal case of *McFadden* v. *Elmer C. Breuer Transportation Co.* (1952), 156 Ohio St. 430, supports the plaintiff's position that a jury issue exists. In *McFadden* whether a roll of steel, 34 inches in height, 3 feet 11 inches in diameter, in the path of plaintiff's decedent's automobile was a "reasonably discernible object" this court determined to be a jury question, as demonstrated by paragraph two of the syllabus in that case.[2] The decision of this court today is an unwarranted and regrettable retreat from *McFadden.*

W. Brown and Holmes, JJ., concur in the foregoing dissenting opinion.

---

[2] Paragraph two of the syllabus in *McFadden* holds:

"Where in an action for wrongful death of the operator of an automobile which collided with a roll of steel, 34 inches in height, 3 feet, 11 inches in diameter and weighing over 13,000 pounds, which dropped from defendant's truck, which was going in the opposite direction, into the path of the operator of the automobile, the defendant truck owner admits negligence proximately contributing to the collision but asserts as a defense that the operator of the automobile was guilty of contributory negligence in that he violated the provision of Section 6307-21, General Code, commonly referred to as the assured-clear-distance-ahead rule, the burden is upon the defendant, in order to make a *prima facie* case of such contributory negligence, to present substantial evidence (a) that the object with which such operator's vehicle collided had been in his path or lane of travel before the collision at a sufficient distance ahead of him to have made it possible for him, in the exercise of ordinary care, to stop such vehicle and avoid a collision, and (b) that such object was a reasonably discernible one."

The concluding part of the opinion in *McFadden,* at page 443, reveals that a jury question existed:

"***The trial court apparently did consider this jury question and decided it in favor of the plaintiff. As there was ample evidence to support such decision upon the facts as to discernibility, the judgment of the trial court in favor of the plaintiff was correct and must remain in effect. The Court of Appeals erred in reversing the judgment of the trial court."