SHARP, ADMR., ET AL., APPELLANTS, *v.*
NORFOLK & WESTERN RAILWAY COMPANY, APPELLEE.

[Cite as Sharp *v.* Norfolk & Western Ry. Co. (1988), 36 Ohio St. 3d 172.]

(No. 87-71—Decided April 27, 1988.)

*Murray & Murray Co., L.P.A.,* and *W. Patrick Murray,* for appellants.

*Robison, Curphey & O'Connell* and *Jack Zouhary,* for appellee.

SWEENEY, J. The determinative issue posed in this appeal is whether the trial court was correct in sustaining defendant's motion for a judgment n.o.v. As part of our decision, we must also consider whether the trial court was correct in finding that the reasonable discernibility of the train at the crossing was obvious, based on the evidence submitted, so as to remove this question from the jury. For the reasons that follow, we reverse the court of appeals' judgment which affirmed the granting of the motion for judgment n.o.v., and remand the case for a new trial.

The "assured-clear-distance-ahead" rule found in R.C. 4511.21(A), provides in relevant part:

"* * * [N]o person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

In *McFadden* v. *Elmer C. Breuer Transp. Co.* (1952), 156 Ohio St. 430, 46 O.O. 354, 103 N.E. 2d 385, we held that violation of the statute and a finding of negligence *per se* depend on whether there is evidence that the driver collided with an object which was, *inter alia,* reasonably discernible. See, also, *Blair* v. *Goff-Kirby Co.* (1976), 49 Ohio St. 2d 5, 3 O.O. 3d 4, 358 N.E. 2d 634; and *Tomlinson* v. *Cincinnati* (1983), 4 Ohio St. 3d 66, 4 OBR 155, 446 N.E. 2d 454.

In *Tomlinson, supra,* at 69, 4 OBR at 158, 446 N.E. 2d at 456, we observed:

"Where conflicting evidence is introduced as to any one of the elements necessary to constitute a violation of the statute, a jury question is created."

Not surprisingly, public policy reasons underlie the favored approach of submitting questions of reasonable discernibility to a jury, as was noted by this court in *Blair, supra,* at 9, 3 O.O. 3d at 6, 358 N.E. 2d at 637:

"That the discernibility of an object, regardless of its size, should be a jury question where the evidence of discernibility is sufficient to make reasonable persons disagree is supported by policy reasons and the holdings of other jurisdictions as well. To begin with, the goals of the tort system are probably better served by a jury determination of the facts than by judge-made determinations of law.

"Especially in cases involving the assured-clear-distance statute, which, by definition, require evaluation of the conduct of the driver in light of the facts surrounding the collision, the judgment of a jury is more likely to achieve a fair result than is a judge-made rule of law. * * *" Accord *Junge* v. *Brothers* (1985), 16 Ohio St. 3d 1, 16 OBR 254, 475 N.E. 2d 477.

Based on the foregoing precedents, and in light of the testimonial evidence submitted with respect to the discernibility of defendant's flatcar in the instant cause, we believe the trial court erred in directing a verdict for defendant and in finding plaintiffs' decedent to be negligent *per se* in violating R.C. 4511.21(A).[1]

In spite of the error committed by the trial court in refusing to submit the reasonable discernibility issue to the jury, the jury nevertheless specifically found that defendant's negligence exceeded plaintiffs' negligence.

In our view, one of the key elements in our resolution of this case is the fact that the accident occurred during the nighttime hours. Taking into consideration the testimony of several witnesses that the train's flatcar was not discernible to them until they were, at most, within fifty feet of the train, along with the fact that the crossing here was not lit, we are perplexed as to why the discernibility issue was not submitted to the trier-of-fact in the first place. Nevertheless, based on our holdings in *Blair, supra,* and *Junge, supra,* and given the fact that the lower courts virtually ignored their import, it is apparent that we must set forth a standard to guide both bench and bar in future cases. Therefore, we hold that where conflicting evidence is introduced with respect to the assured-clear-distance-ahead provision (R.C. 4511.21[A]), the issue of whether an object is reasonably discernible on a highway during nighttime hours is usually a question of fact for a jury to determine.

In arriving at this holding, we reject plaintiffs' argument that the degree of negligence to be attributed to a sixteen-year-old, mentally handicapped minor is a matter within the province of the jury to decide. In *Kuhn* v. *Zabotsky* (1967), 9 Ohio St. 2d 129, 38 O.O. 2d 302, 224 N.E. 2d 137, we held in paragraph two of the syllabus: "In a negligence action, the fact that a motorist is mentally ill, mentally deficient or insane will not serve as a valid legal excuse for his failure to comply with the assured-clear-distance-ahead provision of Section 4511.21, Revised Code, which is a safety statute regulating vehicular traffic."

Additionally, we note that our holding in the instant cause is readily distinguishable from our recent pronouncements in *Smiddy* v. *The Wedding Party, Inc.* (1987), 30 Ohio St. 3d 35, 30 OBR 78, 506 N.E. 2d 212. A close examination of the second para-

---

[1] While it is not crucial to our determination herein, we are also of the opinion that the trial court erred in instructing the jury that the plaintiffs' decedent was negligent *per se* in operating a snowmobile in violation of R.C. 4519.41. That statute provides in relevant part:

"Snowmobiles and all purpose vehicles being used for winter travel may be operated as follows:

"* * *

"(B) on highways in the county or township road systems whenever the local authority having jurisdiction over such highways so permits;

"* * *

"(D) On the berm or shoulder of a highway, other than a highway as designated in division (A) of section 4519.40 of the Revised Code, when the terrain permits such operation to be undertaken safely and without the necessity of entering any traffic lane."

Contrary to the opinion of the court of appeals below, we do not believe that the foregoing statute prohibits the conduct undertaken by plaintiffs' decedent. As the statute applies to the instant case, plaintiffs' decedent's non-compliance with this statute was merely evidence of negligence and not negligence *per se.*

graph of the syllabus in *The Wedding Party* reveals that the standard established therein was one addressing the issue of reasonable discernibility during daylight hours. While reasonable discernibility is rarely an issue in this vein, common sense dictates that discernibility of an object on a highway will most likely be an issue for the jury to resolve when an accident occurs during the nighttime hours.

We are mindful that our holding herein appears to conflict with our prior decision in *Lewis* v. *Certified Oil Co.* (1981), 67 Ohio St. 2d 277, 21 O.O. 3d 174, 423 N.E. 2d 464, wherein it was held that a tractor-trailer which blocked an entire two-lane road while turning around was reasonably discernible as a matter of law, even though the collision occurred during the nighttime hours. A close examination of *Lewis,* however, reveals that the opinion does not purport to establish any new standard governing reasonable discernibility other than that which was enunciated in *McFadden supra,* and *Blair, supra.* In any event, we refrain from overruling *Lewis,* and instead narrow the scope of its holding to its own particular facts, since the decision rendered therein was accomplished in light of the two aforementioned precedents.

Since we have held that the trial court erred in refusing to submit the question of reasonable discernibility to the jury, it follows that the trial court further erred in sustaining defendant's motion for a judgment n.o.v. for reasons similar to those it found in granting defendant a partial directed verdict before submitting the case to the jury. The rationale given by the trial judge for granting defendant's motion for a judgment n.o.v. was that decedent's negligence exceeded any negligence on the part of defendant as a matter of law.

In light of the test to be applied by a court in ruling on a motion for a judgment n.o.v., see *Posin* v. *A.B.C. Motor Court Hotel* (1976), 45 Ohio St. 2d 271, 74 O.O. 2d 427, 344 N.E. 2d 334, we believe that the court in the cause *sub judice* failed to construe the evidence most strongly in favor of the party against whom the motion was made. At the very least, the verdict rendered by the jury in favor of plaintiffs gives a strong indication that reasonable minds could come to a conclusion on the evidence different than that conclusion which was ultimately given by the trial judge, or the court of appeals' majority for that matter.

Plaintiffs have requested that this court, if it were to hold in their favor, merely reinstate the jury's verdict in lieu of directing a new trial. While this writer finds merit in such a request, it is the consensus of this court to decline this invitation and, therefore, we remand the case for a new trial.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for further proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., and WRIGHT, J., concur.

H. BROWN, J., concurs in the syllabus.

LOCHER, HOLMES and DOUGLAS, JJ., concur in judgment only.

H. BROWN, J., concurring. I agree with the syllabus and the law as set forth by the majority. However, giving effect to the law and recitations contained in the majority opinion, I believe that the proper disposition is to rein-

state the verdict reached by the jury. Such would be the logical consequence to our decision setting aside the judgment n.o.v.

DOUGLAS, J., concurring in judgment only. I concur only in the judgment of the majority because I believe that the judgment of the court of appeals should be reversed and that the judgment of the trial court should be reinstated.