HATFIELD, APPELLANT, *v.*
ANDERMATT ET AL., APPELLEES.

(No. 87AP-726 — Decided October 25, 1988.)

*DeLibera, Lyons & Daulton* and *John S. DeLibera,* for appellant.
*Taft, Stettinius & Hollister* and *Michael A. Byers,* for appellees.

BOWMAN, J. On December 28, 1984, appellant, Jeffrey R. Hatfield, was traveling northbound on his bicycle on Robinwood behind a police cruiser driven by Officer Andermatt. At approximately 6:55 p.m., Andermatt received a call dispatching him to an armed robbery at the Robinwood Pharmacy, which was a block or two south of him. As Andermatt pulled into the driveway at 748 Robinwood to turn around, he felt an impact on the side of his cruiser. When Andermatt discovered appellant in the grass area in front of the cruiser, he radioed for a supervisor and an emergency squad.

Appellant stated that he had been riding his bicycle in the street when suddenly, without any notice, the police cruiser turned sharply into the driveway of 748 Robinwood, colliding with appellant. Appellant flew over the handlebars and struck the right front fender of the cruiser with his face, breaking off his front teeth and suffering other injuries. Appellant was treated at the scene.

Appellant's aunt found appellant's four front teeth in the gutter close to the street. Appellant and his father took the teeth to the dentist, who performed oral surgery and put the teeth back into appellant's mouth. However, the teeth never regained root.

Appellant filed suit against appellees claiming that Andermatt was negligent in operating a motor vehicle, striking appellant and causing him damage. The case was tried to a jury, which returned a verdict in favor of appellees with interrogatories stating that appellant was one hundred percent negligent. The trial court overruled a motion for judgment notwithstanding the verdict, and appellant now brings this appeal asserting the following assignments of error:

"I. The trial court erred in permitting a police officer who did not witness the accident and who was not an accident reconstruction expert to

render his opinion as to the negligence and proximate cause of the accident when said officer had no scientific, technical, or other specialized knowledge that would assist the trier of fact to understand the evidence or determine a fact in issue thereby invading the exclusive province of the jury on the very issue they were to determine.

"II.  The trial court erred in permitting the witness, Lt. Haas, to render a lay opinion as to the negligence and proximate causation, thereby invading the exclusive province of the jury.

"III.  The court erred in not instructing the jury that the police officer's failure to signal his turn more than one hundred (100) feet [in advance] constitutes negligence.

"IV.  The court erred in admitting the testimony of the emergency squad attendant, along with his report, regarding a sixteen year old minor's statement that he 'collided with police car,' because of the pre-trial representation of counsel for defendant and because the statement was not pertinent to medical treatment.

"V.  The jury verdict is against the manifest weight of the evidence."

In his first and second assignments of error, appellant contends that the trial court erred in permitting Police Lieutenant Haas to render either an expert or lay opinion on the negligence and proximate cause of the accident.

In order for Haas to qualify as an expert, he must have some scientific, technical, or other specialized knowledge which would assist the trier of fact to understand the evidence. Evid. R. 702. See, also, *Trebotich* v. *Broglio* (1973), 33 Ohio St. 2d 57, 62 O.O. 2d 410, 294 N.E. 2d 669. For Haas to testify as a lay witness, his opinions or inferences would have to be limited to those opinions or inferences which were rationally based upon his perception, or which were helpful to a clear understanding of his testimony or the determination of a fact in issue. Evid. R. 701. In *Shepherd* v. *Midland Mut. Life Ins. Co.* (1949), 152 Ohio St. 6, 39 O.O. 352, 87 N.E. 2d 156, the court stated that although a witness may be qualified to give an opinion concerning a matter upon which opinion evidence may be admissible, as a general rule, such an opinion, whether expert or otherwise, may not be admitted when it, in effect, answers the very question as to the existence or nonexistence of an ultimate fact to be determined by the jury.

In this case, the issue before the jury was who proximately caused the accident, and who was negligent. This issue was reduced to a determination of whether the police car driven by appellee turned into the driveway in front of appellant, thus causing appellant to run into it, or whether appellant ran into the police cruiser and, if appellant did so, whether appellant had sufficient time to stop. In this case, there was conflicting evidence which would affect a jury's determination of who was the proximate cause of the accident. Some of this evidence was the position of the police cruiser in the driveway, the location where appellant's teeth were ultimately discovered, the point of impact on the cruiser, and the damage done to the bicycle. The most elemental function of the jury under our system of jurisprudence is its exclusive privilege as judge of the disputed facts and of the credibility of witnesses' and their testimony. The question here is not a complex one, nor is it beyond the comprehension of the average juror, but, rather, it is one that any jury would be qualified to determine. See *Trebotich, supra.*

In this case, Haas was not present at the time of the accident and did not witness the accident and, therefore, he had no personal knowledge of the accident. In addition, Haas was not an accident reconstruction expert who had

the experience and knowledge to observe the scene and add some scientific, technical, or specialized knowledge to the evidence which would assist the trier of fact to understand the evidence and testimony in the case.

Accordingly, this court finds that the trial court erred in permitting Haas to render either an expert or lay opinion as to who was the proximate cause of the accident and who was negligent in this case. In addition, the court erred in permitting Haas to give his opinion as to how the accident occurred. This testimony did not serve to enlighten the jury with respect to a matter outside its competence, but, rather, was a clear invasion of the jury's province on the precise ultimate fact and issue. Accordingly, appellant's first and second assignments of error are well-taken.

In his third assignment of error, appellant asserts that the trial court erred in not instructing the jury that the police officer's failure to signal his turn more than one hundred feet in advance constituted negligence.

The court charged the jury that a motorist may turn a vehicle from a direct course on the roadway only after he has used ordinary care to determine that the movement can be made with reasonable safety to other users of the roadway, and then only after giving an appropriate signal to other traffic that might be affected by the movement. The court also stated that a signal of an intention to turn must be given sufficiently in advance of the movement to give ample warning to other users of the roadway who would be affected by the movement.

After the court charged the jury, the trial court asked both counsel if there were any further jury instructions, and counsel stated that the instructions were fine as they stood. Since appellant's counsel failed to object to the lack of specificity of the court's charge regarding appropriate conduct when turning, appellant must now show that the failure to charge in that manner constitutes plain error pursuant to Civ. R. 51(A). In *Schade* v. *Carnegie Body Co.* (1982), 70 Ohio St. 2d 207, 24 O.O. 3d 316, 436 N.E. 2d 1001, the court held that when a party fails to object to the giving of, or failure to give, a jury instruction before the jury retires, the party may not assign as error the failure to give such instruction.

In this case, appellant failed to object to the lack of specificity in the jury charge and appellant cannot now assign as error his failure to object to the instructions given. Accordingly, appellant's third assignment of error is not well-taken.

In appellant's fourth assignment of error, appellant asserts that the trial court erred in admitting the testimony and report of the emergency squad attendant. The trial court permitted George Revadelo, the emergency squad attendant, to testify that appellant stated that he collided with the police cruiser. This fact was also reiterated in a portion of the Whitehall emergency squad's report.

This court finds that these statements are not admissible under the exceptions to the hearsay rule set forth in Evid. R. 803(4) and (6). In *Hytha* v. *Schwendeman* (1974), 40 Ohio App. 2d 478, 69 O.O. 2d 419, 320 N.E. 2d 312, the court held that although medical records, properly authenticated, may be admissible into evidence, any statement contained in them disassociated from and not observed as a fact, transaction, occurrence, or event incident to the treatment of the patient, and helpful to the understanding of the medical or surgical aspects of the matter, is not admissible. Thus, statements in a hospital or emergency squad record regarding the cause of the injury or the manner in which the

accident happened are not admissible insofar as they are not pertinent to the diagnosis or treatment of the patient. *McQueen* v. *Goldey* (1984), 20 Ohio App. 3d 41, 20 OBR 44, 484 N.E. 2d 712. In addition, the Staff Note to Evid. R. 803(4) states that the exception for statements for purposes of medical diagnosis or treatment are limited to those statements made by the patient which are reasonably pertinent to an accurate diagnosis, and should not be a conduit through which matters of no medical significance would be admitted.

The statements in question in the case at bar pertain to the manner of the accident and not the medical or surgical treatment of appellant. Therefore, the admission of appellant's statement that he collided with the police cruiser was error, since the statement does not qualify as an exception to the hearsay rule under either Evid. R. 803(4) or (6). However, the existence of the error does not necessarily require a reversal unless the error is prejudicial and affects the rights of appellant. *Seley* v. *G.D. Searle & Co.* (1981), 67 Ohio St. 2d 192, 21 O.O. 3d 121, 423 N.E. 2d 831.

This court finds that admission of this testimony did prejudice appellant. The threshold issue in question in this case was whether appellant ran into the police cruiser and, if appellant did so, did he have sufficient time to stop, or whether the police cruiser ran into appellant. This evidence improperly corroborated testimony and evidence that appellant ran into the police cruiser. Accordingly, appellant's fourth assignment of error is well-taken.

In his fifth assignment of error, appellant asserts that the verdict is against the manifest weight of the evidence.

On review, this court cannot reverse a decision of a trial court simply because it holds a different opinion concerning the credibility of witnesses and evidence. *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77, 10 OBR 408, 461 N.E. 2d 1273. Therefore, a judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by this court as being against the manifest weight of the evidence. *C.E. Morris Co.* v. *Foley Constr. Co.* (1978), 54 Ohio St. 2d 279, 8 O.O. 3d 261, 376 N.E. 2d 578.

While there is competent, credible evidence to support the jury verdict, the evidence on which the verdict was based was improperly before the jury. Thus, the problem in this case is not whether the verdict was against the manifest weight of the evidence, but that the improper evidence contributed to the jury's verdict. Accordingly, appellant's fifth assignment of error is not well-taken.

Appellant's first, second and fourth assignments of error are sustained, and appellant's third and fifth assignments of error are overruled. The judgment of the trial court is reversed and this cause is remanded to the trial court for further proceedings.

*Judgment reversed*
*and cause remanded.*

WHITESIDE, P.J., and STRAUS-BAUGH, J., concur.