KISH, Appellant,

v.

WITHERS, Appellee.

[Cite as *Kish v. Withers* (1997), 123 Ohio App.3d 132.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 96 C.A. 18.

Decided Sept. 29, 1997.

*Daniel L. Rossi*, for appellant.

*Marshall D. Buck*, for appellee.

Cox, Judge.

This matter presents a timely appeal from a jury verdict and judgment rendered upon the verdict by the Mahoning County Common Pleas Court, finding in favor of defendant-appellee, Alan J. Withers, on an action filed against him by plaintiff-appellant, Charles Kish, alleging personal injuries.

On November 14, 1989 a collision occurred between a tractor-trailer being operated by appellee and a motor vehicle being operated by appellant. Appellee was driving his tractor-trailer north on State Route 170 in Springfield Township, Mahoning County, Ohio. In order to park his tractor-trailer in a parking lot just alongside and off the highway, appellee crossed over the center line of the highway and then backed into the northbound lane, blocking the entire lane for less than one minute. Appellant was traveling on State Route 170 in the northbound lane and collided with appellee's tractor-trailer. Appellant thereafter filed a complaint against appellee alleging that he had sustained personal injuries as a result of appellee's negligent operation of his tractor-trailer. This matter proceeded to jury trial.

The evidence at trial established that at the time of the accident, it was dusk and was raining lightly. Appellee's wife, sister, and mother testified that they were traveling north in a different vehicle on State Route 170 just prior to the accident and that they could see appellee's tractor-trailer approximately a quarter of a mile or three-tenths of a mile ahead. They also testified that there was enough natural light for them to be able to clearly see the tractor-trailer. Appellee's sister and mother both testified that the tractor-trailer's lights were illuminated.

Two independent witnesses, Michelle Daugherty and Stanley Davis, testified that they were traveling south on State Route 170 prior to the accident. They testified that there was enough natural light to see the tractor-trailer backing into the parking lot, that the tractor-trailer's lights were on, and that they saw the tractor-trailer prior to the accident.

During his case, appellant presented the testimony of the investigating Ohio State Highway Patrol Officer, Melvin Butts. On cross-examination, Officer Butts gave the following testimony:

"Q. Trooper, based on your investigation of this accident, were you able to find any evidence at the scene or through your investigation that indicated Alan Withers had done anything—

"MR. ROSSI: Objection, Your Honor. Calls for a conclusion, and it's for the jury to make that determination, not Officer Butts.

"THE COURT: I am going to allow it.

"Q. Were you able to find any evidence at the scene of the accident to indicate that Alan Withers did anything wrong to cause this accident?

"A. No."

Following due consideration of the testimony and evidence presented in this case, the jury returned a verdict in favor of appellee and the trial court rendered judgment upon the verdict. Appellant subsequently filed two separate motions for new trial, both of which were overruled by the trial court. Appellant then filed the instant appeal.

Appellant's sole assignment of error on appeal alleges:

"The trial court committed prejudicial error by allowing, over objection, the investigating traffic officer to give an opinion as to whether the Defendant did anything wrong in the operation of his tractor-trailer."

In support of his arguments, appellant cites *Hatfield v. Andermatt* (1988), 54 Ohio App.3d 188, 561 N.E.2d 1023. In *Hatfield,* the investigating officer was not present at the time of the accident and did not witness the accident. The court of appeals held that the trial court erred in admitting the nonexpert opinion testimony of a police officer as to the proximate cause of the accident and the negligence of the parties involved. Appellant contends that, as in *Hatfield,* Officer Butts was not present at the time of the accident, did not witness it, and had no personal knowledge of it. In addition, appellant maintains that Officer Butts was not an accident reconstruction expert who had the experience and knowledge to observe the scene and offer some scientific, technical, or specialized knowledge to the evidence which would assist the trier of fact in understanding the evidence and testimony presented in this case.

Appellant further cites *Scott v. Yates* (1994), 71 Ohio St.3d 219, 643 N.E.2d 105. In *Scott,* the investigating officer was qualified as an expert witness and gave an opinion as to which party caused the collision. On appeal, the Ohio Supreme Court held that while the investigating officer may have been qualified as an expert with regard to the collection of data at the accident scene, he was not qualified to give an opinion on causation since he did not possess the necessary knowledge or expertise.

Based upon the foregoing, appellant concludes that the trial court committed prejudicial error in allowing Officer Butts to give his opinion as to causation and that the judgment rendered by the trial court upon the jury verdict should be reversed.

In response, appellee states that Officer Butts did not give an opinion as to causation. Rather, appellee offers that Officer Butts's testimony was based upon his perception of the accident scene and was helpful to a clear understanding of his testimony and to a determination of a fact in issue, as set forth in Evid.R. 701.

Appellee argues that Officer Butts merely testified that he had found no evidence at the scene which suggested appellee had caused the accident. Therefore, appellee urges that Officer Butts's testimony was admissible.

Appellee further submits that even if Officer Butts's testimony was inadmissible, its admission was harmless error given the other evidence presented in this case. Appellee maintains that the testimony of the witnesses, as stated above, clearly established that his tractor-trailer was a reasonably discernible object in the roadway. Appellee points out that pursuant to R.C. 4511.21(A), a motorist who strikes a reasonably discernible object in the roadway violates the assured-clear-distance rule and is negligent *per se*. Appellant cites *Lewis v. Certified Oil Co.* (1981), 67 Ohio St.2d 277, 21 O.O.3d 174, 423 N.E.2d 464, wherein the trial court directed a verdict in the defendant's favor under facts similar to those in the instant case. The Ohio Supreme Court held that the trial court correctly entered a directed verdict since the defendant's tractor-trailer was a reasonably discernible object for purposes of R.C. 4511.21, thereby making the plaintiff negligent *per se*.

■ Error in the admission of evidence is not grounds for reversal unless substantial rights of the complaining party were affected or it appears that substantial justice was not done. *O'Brien v. Angley* (1980), 63 Ohio St.2d 159, 164, 17 O.O.3d 98, 100–101, 407 N.E.2d 490, 494. In determining whether a substantial right of the party has been affected, a reviewing court must decide whether the trier of fact would have probably reached the same conclusion had the error not occurred. *Id.* at 164–165, 17 O.O.3d at 100–102, 407 N.E.2d at 494–495, citing *Hallworth v. Republic Steel Corp.* (1950), 153 Ohio St. 349, 41 O.O. 341, 91 N.E.2d 690.

We must first determine whether the testimony in question offered by Officer Butts was inadmissible. We find that it was. In *Scott, supra,* 71 Ohio St.3d 219, 643 N.E.2d 105, a police officer's opinion testimony as to the cause of an accident was ruled inadmissible. In so ruling, the Ohio Supreme Court distinguished between accident investigation, which involves the collection and recording of information, and accident reconstruction, which involves the use of scientific methodology to draw inferences from investigative data. The Ohio Supreme Court noted that while the police officer was qualified to testify with regard to the former, he lacked the necessary knowledge or expertise to testify as to the latter.

Evid.R. 702 addresses the admission of expert testimony and provides:

"A witness may testify as an expert if all of the following apply:

"(A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;

"(B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;

"(C) The witness' testimony is based on reliable scientific, technical, or other specialized information."

█ In the instant case, there was no evidence presented to indicate that Officer Butts was qualified as an accident reconstruction expert or that he had any training in accident reconstruction. Officer Butts testified that he had three weeks of training in accident investigation when he initially became an Ohio State Highway Patrol officer and that he thereafter attended annual refresher courses. Based upon a thorough review of the record, we find that Officer Butts was not qualified to give opinion testimony as to causation.

Appellee argues that Officer Butts did not give opinion testimony with regard to causation, but testified only that he found no evidence at the scene to suggest that appellee had caused the accident. Appellee asserts that this testimony was permissible under Evid.R. 701, which allows opinion testimony by lay witnesses when such testimony is rationally based on the perception of the witness and is helpful to a clear understanding of his testimony or of a fact in issue. However, the distinction urged by appellee is one which would not easily be grasped by a layperson. Despite the careful wording of the question, Officer Butts's response that he had not found any evidence at the accident scene to indicate that appellee had done anything wrong would necessarily encompass an opinion by him. Since Officer Butts lacked the necessary knowledge or expertise to give opinion testimony as to causation, we find that the trial court erred in overruling appellant's objection to the question.

█ We must next determine whether this error was harmless. *Lewis,* 67 Ohio St.2d 277, 21 O.O.3d 174, 423 N.E.2d 464, provides some guidance. In that case, the plaintiff had collided with the defendant's tractor-trailer, which was being backed into a driveway off the highway. There was evidence that the tractor-trailer was sixty-two feet in length, was painted white with red and blue lettering, and was equipped with all required lights and headlights, which were operating on the night of the accident. There was also evidence that the driver of a third vehicle, approaching from the opposite direction, had observed the tractor-trailer and had stopped. Based upon these facts, the Ohio Supreme Court in *Lewis* found that the trial court had properly granted a directed verdict in favor of the defendant since the tractor-trailer was a reasonably discernible object as a matter of law. The Ohio Supreme Court found that, by failing to stop

his vehicle in time to avoid the collision, the plaintiff had violated the assured-clear-distance-ahead statute, thereby making him negligent *per se.*

There was competent, credible evidence presented to indicate that (1) appellee's tractor-trailer was ahead of appellant in his path of travel, (2) the tractor-trailer was stationary, (3) the tractor-trailer did not suddenly appear in appellant's path, and (4) the tractor-trailer was reasonably discernable. See *Junge v. Brothers* (1985), 16 Ohio St.3d 1, 3, 16 OBR 254, 255–256, 475 N.E.2d 477, 479–480, citing *Blair v. Goff–Kirby Co.* (1976), 49 Ohio St.2d 5, 7, 3 O.O.3d 4, 4–5, 358 N.E.2d 634, 635–636.

There was no evidence presented to show that appellee was negligent. There was evidence in this matter that other travelers saw appellee's tractor-trailer and stopped. There was testimony that although it was dusk at the time of the accident, there was enough natural light to see appellee's tractor-trailer. There was also testimony that the lights on appellee's tractor-trailer were illuminated at the time of the collision and that others saw the lights.

If this were a close case, the error of the defense counsel in asking for this type of testimony and the error of the trial court in allowing the testimony would have necessitated a reversal.

Based upon a comprehensive review of the record, we find that the jury would probably have arrived at the same conclusion even if the error with regard to Officer Butts's testimony had not occurred. Therefore, the error was harmless. See *O'Brien, supra,* 63 Ohio St.2d 159, 17 O.O.3d 98, 407 N.E.2d 490.

Appellant's sole assignment of error on appeal is found to be without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

VUKOVICH and WAITE, JJ., concur.