OPINION
Plaintiff-appellant, Ronald L. Bishop, and intervenor-appellant, The Health Plan of the Upper Ohio Valley, Inc., appeal from the decisions of the Belmont County Common Pleas Court denying a motion for directed verdict and granting a motion for a new trial. Defendants-appellees, Munson Transportation, Inc. and Glen E. Stewart, have filed a cross-appeal from the decision of the trial court denying their motion for directed verdict. For the reasons set forth below, the decision of the trial court is affirmed.
 I. FACTS
The case at bar presents this court with an extensive history which began on July 9, 1989 when Ronald L. Bishop ("appellant") was involved in a motor vehicle accident in the westbound lanes of Interstate 70 in Belmont County, Ohio. As a result of the accident, appellant was rendered incompetent due to a brainstem injury and his mother, Mary A. Bishop, was appointed as his guardian. Ms. Bishop subsequently filed a complaint on behalf of appellant on October 19, 1990. Said complaint was filed against Munson Transportation, Inc. and the driver of Munson's tractor-trailer, Glen Stewart (collectively referred to as "appellees") and alleged negligence in the truck driver's operation of the vehicle as well as negligent supervision and negligent entrustment on behalf of Munson Transportation, Inc. Following the filing of the complaint, The Health Plan of the Upper Ohio Valley, Inc. ("The Health Plan") was permitted to intervene in the action in order to recover hospital and medical expenses it had paid on behalf of appellant. Appellees denied any negligence and contended that appellant's own conduct, particularly his intoxicated condition at the time of the accident, proximately caused the injuries at issue.
Following the completion of all pre-trial and discovery matters, a jury trial commenced on February 15, 1994. After both sides had presented their cases, the trial court granted appellees' motion for a directed verdict on the basis that appellees' were not negligent as a matter of law and the proximate cause of appellant's injuries was his impaired driving while under the influence of alcohol. Upon review of the trial court's decision, this court reversed as related to the motion for directed verdict and remanded the case for a new trial. SeeBishop v. Munson Transportation, Inc. (1996), 109 Ohio App.3d 573. The basis for said decision was the determination that substantial, competent evidence had been introduced upon which reasonable minds could conclude that appellees were negligent.
Upon remand, the Ohio Department of Human Services also intervened in the action in order to recover sums of money paid on behalf of appellant. The case eventually proceeded to a second jury trial. At the close of appellees' case, appellant moved for a directed verdict on the issue of appellees' negligence. However, said motion was denied by the trial court. The case was then submitted to the jury for deliberations. Ultimately, the jury returned a verdict in the amount of $3 million for appellant as well as a verdict for The Health Plan and the Ohio Department of Human Services in order to subrogate the parties for expenses paid on behalf of appellant. These verdicts were reduced by the trial court by 50% due to a jury determination that appellant and appellees were equally at fault.
On September 11, 1997, appellant filed a motion for prejudgment interest as related to the jury award which The Health Plan ultimately joined. Additionally, following the journalization. of the jury award, appellees filed a motion for new trial and a motion for judgment notwithstanding the verdict. The basis for the motion for new trial revolved around an exhibit which was submitted to the jury during deliberations. During the course of the trial, appellant had introduced into evidence an accident report form which had been prepared by appellees. However, prior to admitting the report, the trial court redacted information pertaining to a citation which was issued regarding an improper lane change. While the jury was deliberating, they sent a note to the trial court judge requesting a "clearer" copy of the form as they could not decipher the time and date on which the form was prepared. Initially, counsel for appellant offered to submit an enlarged copy of the form to the jury which had been used for demonstrative purposes during the trial. However, counsel for appellees objected and suggested that a different copy be located and submitted. Plaintiff eventually found a clearer copy and provided both the trial judge and counsel for appellees the opportunity to review the form. Thereafter, it was submitted to the jury. Unfortunately, none of the parties realized that the newly provided copy contained the information regarding the citation which had previously been redacted. Appellees argued that they were unduly prejudiced by this information and that as a result they were denied a fair trial.
Following a hearing on the outstanding motions, the trial court issued a decision on November 14, 1997. In its decision, the trial court overruled the motion for judgment notwithstanding the verdict, granted the motion for new trial and found that the motion for prejudgment interest was moot. It is from this entry which appellant filed a timely notice of appeal on November 21, 1997. The Health Plan similarly filed an appeal on December 8, 1997 and has adopted appellant's arguments on appeal as its own. Appellees filed a notice of cross-appeal on December 12, 1997 relating to the trial court's refusal to grant a directed verdict as to appellant's perceived willful and wanton conduct.
Appellant raises two assignments of error on appeal while appellees raise a single assignment of error. We will address appellant's assignments of error first herein.
 II. APPELLANT'S FIRST ASSIGNMENT OF ERROR
Appellant's first assignment of error reads as follows:
 "THE TRIAL COURT ERRED IN REFUSING TO GRANT A DIRECTED VERDICT IN FAVOR OF THE APPELLANTS ON THE ISSUE OF THE NEGLIGENCE OF GLEN E. STEWART."
Under appellant's first assignment of error, it is argued that the truck operator's negligent lane change was uncontroverted at trial. Testimony was presented that the truck operator encroached into the left lane despite the fact that faster traffic had already established itself in the lane. Due to appellees' failure to present any evidence that a lane change could safely be completed, appellant asserts that a directed verdict on the issue of negligence should have been granted. It is appellant's position that based upon the evidence at trial, reasonable minds could only come to the conclusion that the truck operator's actions constituted negligence. Based upon this uncontroverted evidence, appellant argues that the motion should have been granted and the case submitted to the jury only on the issues of comparative negligence and damages.
Appellees respond to this argument by indicating that evidence and testimony was presented during the trial which would support a finding that the truck operator did not breach any duty and, thus, was not negligent. Additionally, appellees assert that significant evidence was introduced which would support a finding that appellant's intoxication was the proximate cause of the loss of control rather than any actions taken by the truck operator. Based upon these circumstances, appellees contend that the trial court properly denied the motion for a directed verdict.
 A. APPLICABLE LAW
Motions for directed verdicts are provided for in Civ.R. 50 (A) (4) which states as follows:
 "When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
The standard for appellate review on a motion for directed verdict is de novo; that is to construe the evidence presented most strongly in favor of the nonmoving party and, after so doing, determine whether reasonable minds could only reach one conclusion, that being against the nonmoving party. Paul v.Grae-Con Constr. Inc. (September 2, 1999), Jefferson App. No. 97-JE-49, unreported at 2 citing Titanium Industries v. S.E.A.,Inc. (January 29, 1997), Mahoning App. No. 94-CA-130, unreported. In applying this standard, it is well established that a court must neither consider the weight of the evidence nor the credibility of the witnesses. Id. citing Texler v. D.O. SummersCleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677, 679. A court is to assume the truth of the evidence which supports the essential facts of the nonmoving party's claim and give the nonmoving party the benefit of all reasonable inferences of the evidence. Id. citing U.S. Fidelity Guaranty Co. v. Inter-CityProducts Corp. (August 14, 1998), Columbiana App. No. 95-CO-75, unreported.
As we stated in our prior review of this case, a motion for directed verdict tests the legal sufficiency of the evidence and therefore presents a question of law despite the necessity to review and consider the evidence. Bishop v. Munson Transp. Inc.
(1996), 109 Ohio App.3d 573, 576. The relevant inquiry is whether substantial competent evidence supports the position of the party opposing the motion so that reasonable minds might reach different conclusions. Apel v. Katz (1998), 83 Ohio St.3d 11, 19.
 B. ANALYSIS
In applying this standard to the facts of this case, we hold that substantial competent evidence was present in the record upon which reasonable minds could differ as to whether appellees were negligent and as to whether said negligence was the proximate cause of appellant's injuries. Therefore, the trial court properly denied appellant's motion for directed verdict.
Construing the evidence presented at trial in a light most favorable to appellees could support a conclusion that the truck operator exercised reasonable care when he attempted to change lanes. Therefore, reasonable minds could conclude that a breach of duty did not occur and a negligence cause of action must fail. Similarly, the evidence could support a conclusion that appellant's own actions were the proximate cause, of the loss of control and hence, appellees were not liable for damages.
As to the issue of whether the truck operator was negligent, this court need consider nothing more than the testimony of Ellen Carpenter in determining that reasonable minds could reach different conclusions. Ms. Carpenter was operating the fourth car in the line of cars which was in the left lane of the westbound lanes on Interstate 70. Appellant was operating the first car in this line of cars and was gradually overtaking appellees' tractor-trailer which was in the right lane. Ms. Carpenter testified that the truck operator turned on his left turn signal a few seconds prior to beginning his move into the left lane. At the time the signal was activated, appellant was still one to one and a half car lengths behind the tractor-trailer. Ms. Carpenter further testified that rather than letting off the gas and permitting the truck to merge into the left lane, it appeared that appellant actually accelerated in an attempt to prevent the truck from getting into the left lane. As appellant took these actions, the tractor-trailer eased into the left lane approximately one to one and a half feet. Ms. Carpenter testified that this resulted in appellant swerving onto the median. The truck operator then immediately returned to the right lane. Ultimately, appellant returned his vehicle to the left lane before losing control and crashing in the median.
In addition to this testimony, there is testimony in the record which indicates that there was no contact between appellant's vehicle and the tractor-trailer. Furthermore, one witness testified that in her statement to the Ohio State Highway Patrol Trooper she indicated that the truck's encroachment into the left lane was as little as six inches. Finally, a number of witnesses testified that the tractor-trailer's movement into the left lane was gradual in nature rather than a sudden movement which would give rise to the need for immediate, evasive action.
While there certainly is evidence in the record contrary to these statements which could be construed as establishing negligence on behalf of the truck operator, this court must not lose sight of the fact that we must construe the evidence in favor of the non-moving party. Paul, supra. Similarly, we must assume the truth of the evidence which supports the non-moving party's position. Id. In so doing, it is clear that reasonable minds could conclude that appellees were not negligent. The truck operator properly signaled his intentions prior to starting his move into the left lane. When he began to move, there is support for a finding that appellant was not yet in the path of the tractor-trailer. Moreover, if Ms. Carpenter's testimony is assumed to be true as related to appellant accelerating rather than permitting the truck to merge into the left lane, it certainly could be found that the truck operator acted in a reasonable manner. Due to the presence of this testimony which does in fact contradict testimony supporting a finding of negligence, this court concludes that the trial court properly denied the directed verdict. Reasonable minds clearly could reach different conclusions as to the existence of negligence thereby precluding a grant of the motion. Apel, supra.
In addition to the lack of a breach of duty, there is ample evidence on record so as to permit reasonable minds to conclude that appellant's own actions were the proximate cause of the loss of control. Appellees presented the testimony of Robert Forney, M.D., a forensic toxicologist. Dr. Forney's review of the evidence revealed that at the time of the accident appellant's blood alcohol level was .19. In light of the time appellant began drinking and the time the accident occurred, it was Dr. Forney's opinion that appellant had consumed approximately fourteen and a half beers prior to the accident. Such a level of intoxication was opined to cause significant impairment of one's motor skills. Due to appellant's impaired condition at the time of the accident, reasonable minds could properly conclude that appellant's rather than appellees' actions were the proximate cause of the resulting injuries. If such a conclusion were reached, a key component of appellant's negligence claim against appellees would be missing thereby leading to a verdict in favor of appellees.
Based upon these two arguments, it is clear that reasonable minds could come to more than one conclusion as related to any negligence-by appellees. Consequently, a directed verdict on this issue would have been inappropriate. Appellant's first assignment of error is held to lack merit.
 III. APPELLANT'S SECOND ASSIGNMENT OF ERROR
Appellant's second assignment of error reads:
 "THE TRIAL COURT ERRED IN GRANTING A NEW TRIAL TO APPELLEES."
In appellant's second assignment of error, it is argued that the trial court abused its discretion in granting appellees' motion for a new trial. While appellant concedes that the admission of Plaintiff's Exhibit 29 without having redacted the information regarding the issuance of a citation was in fact error, he nonetheless asserts two bases in support of his argument against the granting of a new trial. In regards to appellees' motion for a new trial pursuant to Civ.R. 59 (A) (1), appellant argues that any error in admitting the exhibit with reference to the citation for an improper lane change was at best, harmless in nature. This is the case due to the perception that the record contains uncontroverted evidence that the truck operator negligently moved into the left lane while faster traffic was in close proximity. Since the jury already had an abundance of information before it supporting a finding that the truck operator negligently operated his vehicle, the reference to the issuance of a citation was merely surplusage. Appellant contends that substantial justice was achieved for all parties due to the fact that the jury found each party to be 50% negligent thereby causing a reduction in the award of damages.
As to appellees' request for a new trial pursuant to Civ.R. 59 (A) (9), appellant indicates that such a claim is not viable as no objection appeared on the record when the unredacted copy of Plaintiff's Exhibit 29 was submitted to the jury. Absent the proper objection, appellees essentially waived any entitlement to a new trial under Civ.R. 59 (A) (9).
Appellees respond by arguing that admitting the notation regarding the citation was particularly damaging in the present case in light of the fact that the jury found both parties to be equally at fault. In the event the notation on the exhibit played any role in the jury's apportioning of fault, it would most definitely have been prejudicial and would have denied appellees a fair trial.
 A. STANDARD OF REVIEW
The decision to grant or deny a motion for a new trial pursuant to Civ.R. 59 (A) lies within the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion. Rudloff v. Rudloff (August 26, 1999), Mahoning App. No. 96-CA-60, unreported citing Sharp v. Norfolk Western Ry. Co. (1995), 72 Ohio St.3d 307, 312. "The meaning of the term `abuse of discretion' in relation to the granting of a motion for a new trial connotes more than an error of law or judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court." Eagle Am. Ins. Co. v. Frencho
(1996), 111 Ohio App.3d 213, 218 quoting Steiner v. Custer (1940)137 Ohio St. 448, paragraph two of the syllabus.
 B. APPLICABLE LAW
A motion for a new trial is provided for in Civ.R. 59 (A) which states in relevant part as follows:
"(A) Grounds
 A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
 (1) Irregularity in the proceedings of the court, jury, magistrate or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;
* * *
 (9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application;
 In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown."
In regards to the admission of incompetent evidence, generally such will not be viewed as reversible error per se. Kish v.Withers (1997), 123 Ohio App.3d 132, 136 citing O'Brien v. Angley
(1980), 63 Ohio St.2d 159, 164. See also, Civ.R. 61 which addresses harmless error. Rather the issue in any particular case is whether the improper admission affected a party's substantial rights or it appears that substantial justice was not done. Id.
In determining whether a substantial right has been affected, a reviewing court must decide whether the trier of fact would have reached the same conclusion had the erroneous admission not occurred. Kish, supra citing O'Brien and Hallworth v. RepublicSteel Corp. (1950), 153 Ohio St. 349.
While normally the failure to object prior to the discharge of a jury results in the waiver of any alleged error, such is not the case in the event the error in question equates to plain error. O'Connell v. Chesapeake Ohio RR. Co. (1991), 58 Ohio St.3d 226,229. In order to constitute plain error, the error must be clearly apparent on the face of the record and must be prejudicial to the party moving for relief. Id. The Ohio Supreme Court has specifically held that the plain error doctrine may be applied in civil cases despite the fact that the moving party has failed to object to the error if the error complained of would have a materially adverse effect on the character of the judicial proceedings or would cause a manifest miscarriage of justice. Id. citing Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207,209. This court has previously recognized that the issue of whether a citation was issued in connection with an underlying traffic accident in a civil proceeding arising from the accident is clearly improper. Larson v. Gibson (January 5, 1995), Mahoning App. No. 93-CA-47, unreported citing Wolfe, Admr. v. Baskin
(1940), 137 Ohio St. 284; Barge v. House (1952), 94 Ohio App. 515.
 C. ANALYSIS
In reviewing the case at bar, this court holds that the trial court did not abuse its discretion when it granted appellees' motion for a new trial. While appellees did not object on the record to the submission of the "clearer" copy of Plaintiff's Exhibit 29, the admission of such was prejudicial and affected the character of the trial. Furthermore, we cannot be certain that the jury would have come to the same conclusion had this unredacted copy not been submitted to them. It is within the realm of reason that the notation on the citation tipped the scales enough in favor of appellant so as to cause the jury to find equal fault between the parties. Therefore, the decision of the trial court cannot be viewed as being unreasonable, arbitrary or unconscionable.
As this court has previously held, the admission during a civil trial of information regarding a traffic citation is improper.Larson, supra. While appellees could not avail themselves of Civ.R. 59 (A) (9) due to the failure to object, the trial court could nonetheless rely upon Civ.R. 59 (A) (1) or the catch all provision which permits the grant of a new trial within the court's sound discretion for good cause shown. Thus, our examination must turn to an analysis of whether a substantial right was affected and whether the admission of the exhibit had an undesirable effect on the character of the proceedings.
As the Ohio Supreme Court has previously indicated, a court will find that a substantial right of a party has been affected if it is determined that the jury would have reached a different conclusion had the erroneous admission not occurred. O'Brien andHallworth, supra. The trial court in the case sub judice was well within its discretion to find that a substantial right had been affected and that appellees were denied a fair trial due to the very nature of the proceedings. The record reflects that throughout the trial neither party had a clear-cut advantage as related to the allocation of fault. This conclusion is supported by the jury's ultimate decision that the parties were equally at fault.
Witnesses could not agree as to where appellant's car was in relation to the truck when the truck began to move into the left lane. Additionally, witness testimony varied widely as to how far the truck actually encroached into the left lane. One witness testified that rather than applying the brakes and permitting the truck to merge into the left lane, appellant actually accelerated in an attempt to preclude the truck from moving to the left. Despite appellant's contention to the contrary, when all of this information is viewed together it cannot be held that their was uncontroverted evidence of the truck operator's negligence. This is especially the case in that all witnesses testified that the truck properly signaled its intentions and made a gradual rather than a sudden move towards the left lane. In conjunction with the uncertainty as to negligence, the jury was then faced with the prospect that appellant was physically impaired due to his consumption of alcohol.
When faced with these facts, the jury concluded that a substantial portion of the fault had to be placed on appellant's own shoulders. Had the jury not been provided with the information regarding the citation, the scales may very well have tipped in favor of appellees due to the uncertainty as to the allocation of fault. Since it is certainly possible and perhaps even likely that the issue of the citation could have changed the jury's mind as to the allocation of fault, the trial court could properly find that absent this information the jury would have arrived at a different conclusion. In the present case had fault shifted a single percentage point from appellees to appellant, then appellees would not have been liable for a single dollar of damages. In such a close case, it was reasonable to find that appellees had been denied a fair trial due to the admission of the improper evidence.
The situation present in the case at bar was previously anticipated by this court in Kish, supra. In Kish this court also dealt with the admission of allegedly improper evidence in a negligence case. After losing at trial, the plaintiff filed a motion for a new trial on grounds similar to those in the present case. The trial court denied the motion and plaintiff appealed to this court. In affirming the trial court's decision, this court held that there was no evidence to support that defendant was negligent and thus, the jury would have arrived at the same conclusion had the improper evidence not been admitted. Id. at 4. However, we also concluded that "[i]f this were a close case the error of the defense counsel in asking for this type of testimony and the error of the trial court in allowing the testimony would have mandated a reversal" on the motion for new trial. Id.
We are currently presented with this exact type of "close case" which was previously discussed. The testimony was of such a nature as to create doubts as to the allocation of fault. Under these circumstances, it is not clear whether a jury would have returned a different verdict had the "clearer" copy of Plaintiff's Exhibit 29 been excluded. Therefore, a substantial right of appellees has been affected thereby warranting a new trial. Similarly, affecting such a substantial right calls into question the character of the jury trial and the propriety of the jury's decision. Despite the unfortunate fact that these proceedings have dragged on for over ten years, the trial court's decision to grant a third trial due to the admission of the improper evidence was appropriate and did not constitute an abuse of discretion.
Appellant's second assignment of error is overruled.
 IV. APPELLEE'S ASSIGNMENT OF ERROR
Appellees' assert a single assignment of error in their cross-appeal which reads as follows:
 "THE TRIAL COURT INCORRECTLY DENIED DEFENDANT'S MOTION FOR DIRECTED VERDICT ON DEFENDANT'S CLAIM THAT RONALD BISHOP'S CONDUCT OF OPERATING A MOTOR VEHICLE WHILE SIGNIFICANTLY IMPAIRED CONSTITUTED WILLFUL AND WANTON MISCONDUCT."
In appellees' cross-assignment of error, two arguments are actually proposed despite the wording of the assignment itself. First, appellees assert that the trial court erred in denying their motion for directed verdict. At the close of appellant's case-in-chief, appellees moved for a directed verdict on the grounds that appellant's intoxicated state at the time of the accident constituted willful and wanton conduct. In the presence of this type of action, appellees are of the position that appellant could not succeed as a matter of law on his negligence claim. Appellees also argue under this assignment of error that in the alternative, the trial court erred when it refused to instruct the jury on willful and wanton conduct as it related to appellant's intoxication.
 A. APPLICABLE LAW
As indicated under appellant's first assignment of error, in reviewing a trial court's decision regarding a motion for directed verdict, an appellate court must review the evidence in a light most favorable to the nonmoving party in order to determine whether reasonable minds could only reach one conclusion. Paul, supra. The relevant inquiry is whether substantial competent evidence supports the position of the party opposing the motion so that reasonable minds might reach different conclusions. Apel, supra. In the event reasonable minds could reach different conclusions, then a motion for directed verdict shall be overruled.
As to the issue of jury instructions, an appellate court should determine whether the instructions are a correct statement of the law as applicable to the facts of the case and whether the record contains evidence from which reasonable minds might reach the conclusion sought by the instructions. Goldfuss v. Davidson
(1997), 79 Ohio St.3d 116, 124 citing Murphy v. Carrollton Mfg.Co. (1991), 61 Ohio St.3d 585, 591. However, reviewing courts must be cognizant of the fact that the decision of a trial court as to jury instructions must be affirmed absent an abuse of discretion under the facts and circumstances of the case. Statev. Midwest Pride IV, Inc. (1998), 131 Ohio App.3d 1, 15 citingState v. Wolons (1989), 44 Ohio St.3d 64, 68. As previously explained, an abuse of discretion "connotes more than an error, of law or judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court." Steiner,supra.
 B. ANALYSIS
In first looking to the trial court's decision as related to the motion for a directed verdict, it must be held that the trial court properly overruled appellees' motion. A review of the relevant portions of the record reveals that reasonable minds could conclude that appellant's actions were not willful and wanton. Hence, a directed verdict was inappropriate.
The Ohio Supreme Court indicated in Osler v. City of Lorain
(1986), 28 Ohio St.3d 345, that the act of driving while intoxicated is not in and of itself willful and wanton conduct as a matter of law. Id. at 350. On the contrary in order to qualify as willful and wanton conduct, there must be evidence of other aggravating factors or circumstances in order to show that the driving was willful and wanton in nature. Id. Such actions as stumbling to one's car, driving over curbs or swerving must accompany the proof of intoxication so as to corroborate an assertion that a driver was intoxicated to the point that he acted willfully and wantonly. Id. at 352.
In the present case, we simply are not provided with evidence of aggravating factors so as to establish willful and wanton misconduct as a matter of law. The driver of the car directly behind appellant testified that she had been following him for approximately five miles. During that period of time, appellant did not exceed the speed limit or weave between the lanes. At no time did appellant operate his vehicle in a manner which caused any concern to the driver following him. The passenger in the car directly behind appellant also testified that appellant drove perfectly normal during the, entire time he was being followed. Both of these witnesses also indicated that had appellant not taken evasive action, his vehicle would have been struck by the truck.
In addition to this testimony, the Ohio State Highway Patrol Trooper who responded to the crash also provided testimony. While he did not view the crash, the trooper did testify that his investigation of the crash scene revealed no indication of erratic driving on behalf of appellant. Additionally, an accident reconstruction expert testified that despite appellant's intoxicated state, his reaction to the truck's movement did not differ from that of a sober individual given the circumstances.
When this testimony and evidence is construed in favor of the nonmoving party (appellant), it certainly can be held that reasonable minds could determine that appellant's actions were not willful and wanton. The aggravating circumstances discussed by the Ohio Supreme Court in Osler simply are not present in the case at bar. Prior to the truck beginning its move into the left lane of traffic, appellant did not exhibit any signs of intoxication or debilitation. Absent these prerequisites, the trial court could not determine as a matter of law that appellant's actions were willful or wanton in nature. Therefore, it appropriately overruled the motion for directed verdict.
Appellees' challenge to the trial court's decision regarding jury instructions must suffer a similar fate. As has previously been stated, intoxication in and of itself does not lead to the inevitable conclusion that an individual's actions were willful and wanton. Osler, supra. Rather, it must be illustrated that aggravating factors or circumstances were present which were consistent with a finding that the driver was debilitated. Id.
The trial court was not presented with testimony which would support such a finding. All witnesses testified that they had followed appellant without concern over the manner in which he was operating his vehicle. Similarly, no testimony was presented which would indicate that appellant was exceeding the speed limit or swerving between lanes which is indicative of debilitation. Due to the absence of such evidence, it cannot be held that the trial court acted unreasonably, arbitrarily or unconscionably when it refused the requested jury instruction as to willful and wanton conduct.
For the foregoing reasons, the judgment of the trial court is hereby affirmed in its entirety.
Cox, P.J., Waite, J., concurs.
APPROVED:
 __________________________ JOSEPH J. VUKOVICH, JUDGE